OPINION OF THE COURT
Memorandum.
The order of the Appellate Term should be reversed and a new trial ordered.
We agree with the Appellate Term's conclusion that ECL 71-1933 (subd 2) prohibits prosecution only prior to determination of administrative proceedings, if any, when the prosecution involves violation of orders and determinations *741 of the commissioner or the department. In view of the fact that the defendants were not charged with violating such an order or determination, the provisions of subdivision 2 are not applicable.
With respect to the convictions for failing to give the notice required by ECL 17-1743, we agree with the defendants that the statute requires proof of actual knowledge of the prohibited contamination “into the waters of the state”. However, evidence on this point, particularly proof with respect to prior occurrences of this nature under similar circumstances, or other circumstantial evidence, could be sufficient to establish guilt beyond a reasonable doubt.
Reversal is mandated, however, because counsel for the defense was entitled to the prior statements made by the witnesses for the purpose of impeachment. The denial of this request was improper (People v Rosario, 9 NY2d 286, cert den 368 US 866). This error cannot be deemed harmless (People v Consolazio, 40 NY2d 446, cert den 433 US 914).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order reversed, etc.