OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed. Defendant, convicted after a jury trial of two counts of *827 attempted rape in the first degree and sentenced as a persistent felony offender, seeks reversal and a new trial based on "fairness” and "a right sense of justice”.
These two altruistic goals do not support defendant’s claim that he was entitled to the personal version of the attack written by the victim, a free-lance writer, two days after the attack in Central Park. Defendant correctly concedes that this personal victim account constituted neither Rosario (9 NY2d 286) nor Brady (373 US 83) material. Moreover, no foundation was presented that it was discoverable or potentially relevant in relation to evidence adduced at trial. Accordingly, the People bear no burden in this procedural and factual context to supply this material at all inasmuch as it was not in their possession or control and the victim objected to turning it over based on personal privacy rights.
Although there was no legally cognizable authority or foundation, the court nevertheless ordered the victim to redact private matters and to turn over to the defense at least a redacted version, instructing her to eliminate only those portions of her three-page writing not related directly to the incident. She complied and this was done. In this case, we have no reason to approve or disapprove of the manner in which the Trial Justice handled this matter because we conclude that the defendant’s claim of entitlement to the entire private writing, or to an in camera inspection of the unredacted item by the trial court, must fail.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.