OPINION OF THE COURT
Harold J. Lynch, J.
In this delinquency proceeding, respondent Gina C., 14 years *204 of age, is charged with a single count of assault in the third degree (Penal Law § 120.00 [1]). Specifically, respondent is accused of intentionally causing physical injury to the 13-year-old complainant, Vennie Greene, on October 23, 1987.
In the December 29, 1987 issue of The Village Voice (The Voice), reporter Lynnell Hancock authored the subject article —Chokehold at Throgs Neck, Black Teens Attacked Again at Bus Stop. That article mentions, inter alia, certain statements made by complainant Greene to the reporter with reference to the instant occurrence of October 23, 1987.
The Corporation Counsél, the presentment agency, moves pursuant to CPLR 2302 (b) for the issuance of two subpoenas directing both The Voice and reporter Hancock to produce certified copies of: "All records, original notes, transcripts and tape recordings relating to an assault by Gina C against Vennie Greene on October 23, 1987, now in your custody or control.”
Counsel for The Voice and reporter Hancock notes in her brief that, by oral agreement with the Assistant Corporation ‘ Counsel, the scope of the submitted subpoenas has been narrowed to statements made by the complainant to the reporter. On the return date of the motions, respondent’s counsel orally joined in the presentment agency’s application for the issuance of the subpoenas. In his brief, respondent’s counsel merely asks for the complainant’s statements to the reporter. With the issue thus narrowed by the parties briefs, the court will consider whether The Voice and the reporter should be required to turn over all statements of the complainant to the reporter concerning this incident.
The presentment agency and the respondent contend that the requested statements constitute Rosario material under the evolving case law in this area (People v Jones, 70 NY2d 547; People v Ranghelle, 69 NY2d 56; People v Perez, 65 NY2d 154; Family Ct Act § 331.4 [1] [a]; see, CPL 240.45 [1] [a]). It should be stressed that The Voice and the reporter do not oppose the application under the "Shield Law” (Civil Rights Law § 79-h). Instead, they argue that the statements are not Rosario material since those statements are in the hands of a private individual, reporter Hancock. They also maintain that the presentment agency is under no obligation to subpoena the statements. Finally, they allege that the statements are privileged under the three-prong test of confidentiality applied by the courts (United States v Burke, 700 F2d 70, 77; People v *205 Korkala, 99 AD2d 161, 167). Should the motions be granted, counsel for The Voice and the reporter asks that the court conduct an in camera inspection of the notes.
Before addressing the merits, it should be emphasized that counsel for The Voice represents that the newspaper does not have any of the requested material. Counsel avers that the reporter has the statements sought. Upon counsel’s representation, the motion is denied as academic as against The Voice.
With regard to the motion against reporter Hancock, significant note must be taken of the recent decision in People v Perez (supra). Concededly, the facts in Perez are very different from those in the present case. The Court of Appeals, in Perez, reversed a conviction where the People failed to turn over taped statements made by a prosecution witness to private parties where those tapes were in the possession of the prosecution. The expansive language in Perez is, nonetheless, very instructive (People v Perez, supra, at 158-159): "The statements described in Rosario, and generally involved in subsequent cases, were those made 'to police, district attorney or grand jury’ (People v Rosario, supra, at p 289). The prosecutor urges that the rule should be limited to such statements and should have no application to statements, such as those at issue here, which were made to private parties. The suggested limitation is an artificial one. First, the conversations were prompted by the prosecutor and recorded by law enforcement personnel and were in their possession and control (cf. People v Spruill, 47 NY2d 869; People v McLaurin, 38 NY2d 123, 126; People v Simmons, 36 NY2d 126, 132). Second, and more fundámentally, there is no reason why defense counsel should be deprived of the opportunity to inspect a witness’ prior statement for possible use or leads on cross-examination, simply because the witness made the statement to a person who is not involved in law enforcement or prosecution. Notably, the statute codifying the Rosario rule for application in future cases makes no such distinction (CPL 240.45 [1] [a]).”
The Court of Appeals concluded with the following remarks that are noteworthy (People v Perez, supra, at 160). "Finally, the prosecutor urges that if the failure to turn over the statements was error, it was harmless on this record. However, we have held that harmless error analysis is inapplicable to trials held after the Rosario decision (People v Consolazio, 40 NY2d 446; People v Mattiace Indus., 52 NY2d 739). The essence of the Rosario requirement, that the prosecutor supply all of a witness’ statement or statements relating to his *206 testimony, is that a judge’s impartial determination as to what portions may be useful to the defense, is no substitute for the single-minded devotion of counsel for the accused. Appellate judges have no advantage over trial judges in making such a determination.”
The broad and reaching language in Perez (supra) supports the presentment agency’s motion in this proceeding. More particularly, the holding in Perez leads to the conclusion that any statements of complainant Greene to the reporter Hancock constitute Rosario material even though the reporter is a private person. Perez further supports the determination that it is the presentment agency’s obligation to subpoena the reporter to determine whether she has any additional statements not included in the article. Even if it were not the presentment agency’s obligation to seek those statements, this motion would have been considered upon the merits on the basis of respondent’s oral application. Lastly, Perez mandates that any statements extant should be turned over to the defense attorney for his inspection. It is not the function of the court to hold an in camera review to determine whether Rosario material is useful for the preparation of an effective defense or purposeful cross-examination.
Under the three-pronged test mentioned above, a reporter need only turn over the statements upon a clear and specific showing that such information is (1) highly material and relevant, (2) necessary or critical to the maintenance of the claim, and (3) not obtainable from any other available sources (United States v Burke, supra; People v Korkala, supra). Since this court has found that any statements of the complainant to the reporter are Rosario material, the respondent has carried her burden with regard to each of the prongs. Not only are such statements critically relevant, they are not obtainable from other sources. Upon the facts in this proceeding, this reporter’s First Amendment right to freedom of the press is outweighed by respondent’s Sixth Amendment right to cross-examine the complainant effectively. In People v Le Grand (67 AD2d 446), an author, rather than a journalist, was similarly required to turn over conversations with a prosecution witness. The Appellate Division, Second Department, made the following pertinent observation (People v Le Grand, supra, at 453):
"More important than any inhibiting effect on the right to gather news is the public interest in the fair administration of justice. That interest is even more compelling when, as in the *207 case at bar, it is information which is being withheld and not the identity of the source. (See New York Times Co. v Jascalevich, 439 US 1317, 1331.) * * *
"A defendant’s right" to a fair trial encompasses therein a right of access to impeachment evidence. It is a matter of due process which cannot be outweighed by the claim that confidential sources will dry up should their information be disclosed in a criminal case (Branzburg v Hays, 408 US 665, 681 * * »
In passing, brief comment must be made upon the recent memorandum decision in People v Reedy (70 NY2d 826). In Reedy defendant conceded that the personal version of the attack written by the victim was not Rosario material. Moreover, defendant had not laid a foundation that the personal version was discoverable or even relevant. In that limited context,- the Court of Appeals stated that the People had no burden in supplying this material to the defendant. Thus, Reedy is not controlling on the facts in this proceeding where Rosario material is clearly involved.
Accordingly, the presentment agency may redraft a subpoena to secure additional statements made by the complainant to the reporter.