In the Matter of GINA C., A Person Alleged to be a Juvenile Delinquent, Respondent. CORPORATION COUNSEL OF THE CITY OF NEW YORK, Presentment Agency; LYNNELL HANCOCK, Appellant.

First Department, June 21, 1988

## APPEARANCES OF COUNSEL

*John Hogrogian* of counsel *(Edward F. X. Hart* and *Elizabeth S. Natrella* on the brief; *Peter L. Zimroth, Corporation Counsel,* attorney), for Presentment Agency.

*Laura R. Handman* of counsel *(Victor A. Kovner* and *John Siegal* with her on the brief; *Lankenau Kovner & Bickford,* attorneys), for appellant.

*William S. Brandt* and *Thomas S. D'Antonio* of counsel *(Nixon, Hargrave, Devans & Doyle,* attorneys), for Gannett Co., Inc., and others, *amici curiae.*

## OPINION OF THE COURT

Ross, J.

This appeal presents us with the issue of whether, in a Family Court juvenile delinquency proceeding, a newspaper reporter's notes, which are not in the possession of the Presentment Agency, constitute *Rosario* material, which the Presentment Agency is required to obtain, in order that it can turn those notes over to defense counsel.

The Corporation Counsel of the City of New York (CC), which is a Presentment Agency *(see,* Family Ct Act §§ 254, 301.2), filed, on January 14, 1988, in the Family Court, Bronx

County, a juvenile delinquency petition against respondent 14-year-old Ms. Gina C. (respondent). Specifically, this petition charged that, on October 23, 1987, at approximately 8:15 A.M., in the vicinity of Bruckner Boulevard and East Tremont Avenue, in Bronx County, respondent assaulted Ms. Vennie Greene (Ms. Greene), and, that is an act, which, if committed by an adult, would constitute the crime of assault in the third degree (Penal Law § 120.00). In support of this petition, victim Ms. Greene submitted a deposition, in which she claimed that respondent, together with others, pushed her to the ground, scratched her face, and kicked her in the side of her body, which resulted in a bruised right hip.

Ms. Shira R. Weinstein (Ms. Weinstein), who represented the CC (Presentment Agency) in this proceeding against respondent, stated, in an affirmation dated January 14, 1988, that "Based on information and belief supplied by the case file and conversations with the arresting officer this incident is a racially motivated attacked [sic] * * * [and due] to the nature of this incident, there has been media coverage and community involvement". Furthermore, Ms. Weinstein contended in her affirmation that "Police Officer Charles McCardle * * * advised [her] that the complainant [Ms. Greene] was interviewed by various newspapers as well as community officials in relation to this incident".

In the December 29, 1987 issue of the Village Voice (The Voice) appeared an article, entitled "Chokehold at Throgs Neck Black Teens Attacked Again at Bus Stop", which was written by free-lance reporter Ms. Lynnell Hancock (reporter).

Our examination of a copy of the subject article indicates that in it the reporter quoted complainant victim Ms. Greene, as follows:

" 'I was waiting for the bus with about five other friends, 'says Vennie Greene * * * an eighth grader in Throgs Neck's I.S. 192. "A city bus drove by. They were pointing at us, yelling things. The bus driver pulled over at the gas station— it wasn't even a bus stop. About 50 of them got off,' said Greene.

" 'Some girl came up behind me, and jumped me. Then five or six others came over and started hitting me too' Greene says. 'The police came and then they ran.' "

Family Court Act § 331.4 (1) (a) requires that the Presentment Agency shall, at the commencement of the fact-finding hearing, make available to the respondent "any written or

recorded statement * * * made by a person whom the present-ment agency intends to call as a witness at the fact-finding hearing, and which relates to the subject matter of the wit-ness's testimony".

In view of the fact that the Presentment Agency intended to call victim Ms. Greene as its main witness at the fact-finding hearing, and, since it has the responsibility, pursuant to Family Court Act § 331.4 (1) (a), to make available to respon-dent "any written or recorded statement * * * made by [Ms. Greene] * * * which relates to the subject matter of [Ms. Greene's] testimony" (Family Ct Act § 331.4 [1] [a]), the Pre-sentment Agency, on January 14, 1988, moved in Family Court, Bronx County, pursuant to CPLR 2302 (b), for a judicial subpoena duces tecum, which sought from The Voice "All records, original notes, transcripts and tape recordings relat-ing to an assault by [respondent] Gina [C.] against Vennie Greene on October 23, 1987, now in your custody or control."

Since Family Court Act § 331.4 (1) (a) is based on the Court of Appeals decision in the case of *People v Rosario* (9 NY2d 286 [1961], *rearg denied* 9 NY2d 908, 14 NY2d 876, 15 NY2d 765, *cert denied* 368 US 866 [1961]), the Presentment Agency concedes that its motion to subpoena The Voice's records was done out of caution. Therefore, in her affirmation, Ms. Wein-stein stated "[f]ailure to produce material within the parame-ters of the *Rosario* rule constitutes a per se error, and any conviction obtained must therefore be reversed. *People v. Ranghelle,* [69 NY2d 56 (1986)] * * * *People v. Jones,* [70 NY2d 547 (1987)]. *People v. Perez,* 65 NY 2d 154".

Prior to the Court of Appeals decision in *People v Rosario (supra)* a defendant in a criminal trial was only entitled to see prior statements, including Grand Jury testimony, of a prose-cution witness for the purpose of cross-examination of such witness, if, after inspection, the trial court found that those statements or Grand Jury testimony "contained material at variance with the testimony given by the particular witness on the stand" *(People v Dales,* 309 NY 97, 103 [1955]).

Subsequently, in 1961, the Court of Appeals in *People v Rosario (supra)* enlarged the discovery right of a criminal defendant, by imposing upon the prosecutor the duty to turn over, after a prosecution witness had completed direct exami-nation and without prior inspection by the trial court, to the defendant, copies of prior statements, and Grand Jury testi-mony, if any, of such prosecution witness. In pertinent part,

the Court of Appeals in *People v Rosario, (supra,* at 289) stated: "The procedure to be followed[, as to the time when prior statements, including grand jury testimony, of prosecution witnesses should be given by the prosecution to the defense,] turns largely on policy considerations, and upon further study and reflection this court is persuaded that a right sense of justice entitles the defense to examine a witness' prior statement, whether or not it varies from his testimony on the stand. As long as the statement relates to the subject matter of the witness' testimony and contains nothing that must be kept confidential, defense counsel should be allowed to determine for themselves[, without prior trial court inspection,] the use to be made of it on cross-examination".

The words just quoted from *People v Rosario (supra)* unequivocally indicate that the Court of Appeals based its decision "upon a fairness doctrine [and] not constitutional mandates or guarantees" *(People v Howard,* 127 AD2d 109, 117 [1st Dept 1987]).

Our examination of *People v Rosario (supra,* at 289) indicates that the only statements covered by that rule in 1961 were those made "to police, district attorney or grand jury".

Thereafter, in a number of decisions, the Court of Appeals defined the type of statements made to the police, District Attorney or Grand Jury, which are subject to the rule in *People v Rosario (supra).* The Court of Appeals in *People v Ranghelle* (69 NY2d 56, 62 [1986], *supra),* summarized some of those decisions, as follows: "We have periodically refined the rule to ensure that a defendant 'receives the full benefit of a [prosecution] witness' statements for impeachment purposes' *(People v Poole,* 48 NY2d 144, 149). Thus, for example, in *People v Malinsky* we extended *Rosario's* disclosure requirement to apply to statements of prosecution witnesses testifying at suppression hearings, and we held that the *Rosario* rule covers the notes of a police officer witness made in connection with defendant's arrest *(see, People v Malinsky,* 15 NY2d 86, 90-91; *see also, People v Gilligan,* 39 NY2d 769, 770 [notes and reports of investigating officers]). In *People v Consolazio,* we held that prosecutor's worksheets are *Rosario* material subject to disclosure reasoning that '[t]he character of a statement is not to be determined by the manner in which it is recorded, nor is it changed by the presence or absence of a signature' *(People v Consolazio,* 40 NY2d 446, 453). Most recently we applied the *Rosario* rule to taped statements made by a

prosecution witness to private parties where the tapes were in the possession of the prosecution *(People v Perez,* 65 NY2d 154, 158-159, *supra)".*

In 1976, the Court of Appeals in *Matter of Kelvin D.* (40 NY2d 895, 896 [1976]) made the disclosure rule in *People v Rosario (supra)* applicable to Family Court juvenile delinquency proceedings, such as the instant case. The Court of Appeals stated, at page 896 of that decision, that the prosecution, in such proceedings, has "the duty to provide the defense, upon request, with copies of the prior statements of its witnesses".

By Laws of 1979 (ch 412), the Legislature codified the rule in *People v Rosario (supra)* by adding section 240.45 to the Criminal Procedure Law (CPL). Our examination of that section of the CPL indicates that it requires a prosecutor, "After the jury has been sworn and before the prosecutor's opening address, or in the case of a single judge trial after commencement and before submission of evidence" (CPL 240.45 [1]), to make available to the defense "Any written or recorded statement, including any testimony before a grand jury * * * made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the witness's testimony" (CPL 240.45 [1] [a]). In order to protect confidential material, that section makes the prosecutor's duty to disclose "subject to a protective order".

The language, which appears in Family Court Act § 331.4 (1) (a), which became law in 1982 *(see,* L 1982, ch 920), in substance, follows the language, which appears in CPL 240.45 (1), since both statutes were "adopted to formalize the procedure initially established by *People v Rosario" (Matter of Rodney B.,* 69 NY2d 687, 688 [1986]).

Following service of the Presentment Agency's notice of motion for the subpoena to The Voice concerning the material, identified *supra,* counsel for respondent joined in that motion and counsel for The Voice and the reporter opposed it.

Thereafter, counsel for the Presentment Agency, and counsel for The Voice and the reporter, by oral agreement, narrowed the scope of the requested subpoena to only "statements made by [Ms. Greene] to the reporter". Furthermore, "[i]n his brief [to the Family Court Judge], respondent's counsel merely [asked] for [Ms. Greene's] statements to the reporter".

The Family Court, in its order entered February 17, 1988, denied the motion for a subpoena of The Voice, upon the basis

it did not have any of the subject material, and granted the motion for a subpoena of the reporter to produce the items (139 Misc 2d 203).

Subsequent to the Family Court's issuance of a judicial subpoena duces tecum, dated February 17, 1988, to the reporter, on February 22, 1988, this court granted a stay of the subpoena, and directed an expedited appeal.

Before this appeal could be heard by this court, on March 3, 1988, the Family Court, Bronx County (Harry J. Lynch, J.), entered an order, which adjourned the petition in this case, in contemplation of dismissal, and directed respondent to perform 20 hours of community service under the supervision of the Probation Department.

After the Family Court order of March 3rd, the Presentment Agency moved in this court for an order directing the appointment of *amici curiae* to support the Family Court's issuance of a judicial subpoena duces tecum to the reporter, since the Presentment Agency now supported the reporter's position, that the material sought was not required to be produced under *People v Rosario (supra)*. Also, at about the same time, the Gannett Co., Inc., CBS, Inc., National Broadcasting Company, Inc. and The Conde Naste Publications Inc. (news gathering organizations) moved for leave to file an *amici curiae* brief in support of the appellant reporter (appellant). By order, entered March 15, 1988, this court denied the motion of the Presentment Agency, and granted the motion of the news gathering organizations.

■ Although, as mentioned *supra,* appellant has filed a notice of appeal, she has not sought leave to appeal. Since there is neither an order of disposition nor a final order in this matter, we find there is no appeal as of right herein *(see,* Family Ct Act § 1112; *Firestone v Firestone,* 44 AD2d 671, 672 [1st Dept 1974]). Furthermore, it has been held that a Family Court order directing a party to produce certain items is not appealable as of right *(Bohen v Auerbach,* 51 AD2d 542 [1976]). However, due to the significance of the issue presented, we will treat the notice of appeal as an application for leave to appeal, and grant such application nunc pro tunc *(see, Matter of Bush v Pierce,* 65 NY2d 1013 [1985]).

■ Even though the matter against respondent, as mentioned *supra,* was adjourned in contemplation of dismissal, pursuant to Family Court Act § 315.3 (1), a proceeding adjourned in that manner may be restored to the calendar

"Upon ex parte motion by the presentment agency, or upon the court's own motion, made at the time the order is issued or at any time during its duration". Therefore, we find that this matter is not moot, since we have not been informed that it has been actually dismissed.

■ At page 5 of the appellant's brief to this court, she states, in pertinent part, "All materials sought by the subpoena were prepared by [me] in the course of [my] newsgathering for the Article and are in the sole custody, possession and control of [myself]". Since the record indicates that appellant did not gather this material at either the direction of the Presentment Agency or any other law enforcement agency, and, that this material has never been in either the possession of the Presentment Agency or any other law enforcement agency, we find that it is not subject to the rule of *People v Rosario (supra) (see, People v Reedy,* 70 NY2d 826, 827 [1987]; *People v Alvarez,* 70 NY2d 375, 380-381 [1987]), as the common thread requiring the prosecution to produce prior witnesses' statements, pursuant to the *Rosario* rule, has been that those statements were in the possession of the prosecution. The Court of Appeals stated, in *People v Jones* (70 NY2d 547, 550 [1987], *supra*): "The rule is simple and unequivocal: if the People are in possession of a statement of their own prospective witness relating to the subject matter of that witness' testimony, defense counsel must, in fairness, be given a copy because ordinarily counsel would have no knowledge of it and no other means of obtaining it".

Finally, as the Court of Appeals stated in *People v Ranghelle (supra,* at 63), the rule in *People v Rosario (supra)* is one of common sense. We find no justification, under the law, to impose on prosecuting agencies the burden of identifying and obtaining every statement made by a prosecution witness to the media, community leaders, or anyone else, for if such a burden were imposed, even an innocent violation of it would be a per se error, under the *Rosario* rule, requiring reversal. The "right sense of justice" which "entitles the defense to examine a witness' prior statement" *(People v Rosario, supra,* 9 NY2d, at 289), does not mandate that the police "affirmatively gather evidence for the accused" *(People v Alvarez, supra,* at 381).

In fact, in a highly publicized case, with dozens (and sometimes hundreds) of newspaper, radio and television reporters covering every aspect of the pretrial investigation, it would be

impossible not to commit error per se, if the ruling appealed from were the law.

At the time of this writing, the public is being deluged by almost daily media reports, by investigating reporters, TV newspeople, and radio reporters, all purporting to present "inside information", relative to a crime of significant public interest.

If such a case comes to trial, it may be helpful if defense counsel could obtain all the notes in the possession of the aforementioned reporters so that they may properly defend their clients. However, to put the burden on the prosecution to obtain and deliver such notes would obviously be impossible, and most unfair, since failure to do so would be error per se.

Accordingly, order, Family Court, Bronx County (Harry J. Lynch, J.), entered February 17, 1988, which granted the motion of the Presentment Agency for the issuance of a subpoena duces tecum directing Ms. Lynnell Hancock to turn over all statements made to her by Ms. Vennie Greene (Ms. Greene) concerning an October 23, 1987 assault on Ms. Greene, is unanimously reversed, on the law and on the facts, the motion is denied, and the subpoena is vacated, without costs. Leave to appeal from the aforementioned order is granted nunc pro tunc.

KUPFERMAN, J. P., SULLIVAN, ROSS, CARRO and KASSAL, JJ., concur.

Leave to appeal from order of the Family Court of the State of New York, Bronx County, entered on February 17, 1988 is granted nunc pro tunc, and said order is unanimously reversed, on the law and on the facts, the motion is denied, and the subpoena is vacated, without costs and without disbursements.