OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted of attempted murder and conspiracy for his involvement in an unsuccessful plot to kill his wife. Defendant agreed to pay Jose Lopez and Fernando Castro $25,000 to kill her and on August 13, 1985, pursuant to that agreement, Lopez shot her several times.
On March 7, 1986, two weeks before commencement of defendant’s trial, Castro pleaded guilty to conspiracy for his involvement in the murder plot. On March 26, 1986, he was called as a prosecution witness at defendant’s trial; at that time, defense counsel requested production of Castro’s plea proceeding minutes, claiming that they constituted Rosario material. The prosecutor responded that he had ordered the minutes from the court stenographer, but had not received them, and that the minutes were a matter of public record. The trial court denied defense counsel’s request, ruling that the plea minutes, which counsel could obtain at any time, were not Rosario material. On appeal, defendant renews his *886 argument that the minutes constituted Rosario material which the People were obligated to produce. We disagree.
The Rosario rule has no application in the circumstances of this case, where untranscribed plea minutes of a potential prosecution witness have been ordered but not received by the prosecution. Having had no immediate access of their own to the statements (contrast, People v Ranghelle, 69 NY2d 56, 64), the People cannot be held responsible for a failure to turn them over to defendant.
We cannot agree with the new, boundless reading of CPL 240.45 proposed by the dissent; nothing in the legislative history points to such a legislative intention. As for the dissent’s views regarding "sandbagging” (dissent, at 888), the focus of this appeal is Rosario; during the colloquy before the trial court — when defendant preserved his objection for our review — not even defendant made the arguments now suggested by the dissent as a basis for reversing this conviction.
To the extent they have been preserved, defendant’s remaining contentions are without merit.