■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY BERKLEY, Appellant.—Judgment, Supreme Court, New York County (Frederic S. Berman, J.), rendered September 22, 1987, convicting defendant, after jury trial, of three counts of rape in the first degree and one count of sodomy in the first degree and sentencing him, as a violent predicate felon, to concurrent terms of 8 to 16 years' imprisonment, unanimously affirmed.

Defendant contends that his conviction should be reversed and a new trial ordered because the prosecution failed to

provide defense counsel with copies of statements made by the complaining witness to the rape counselor she consulted at the Victim Services Agency (VSA) as required under *People v Rosario* (9 NY2d 286 [1961], *cert denied* 368 US 866). The facts in this case do not support defendant's *Rosario* claim. Defendant was charged with repeatedly raping the girlfriend of a childhood friend at knifepoint during an encounter which lasted several hours in the friend's apartment. The defense called no witnesses and the only issue raised by defendant, who admitted to a detective that he had "had sex" with the complainant but that it was "no big deal", was whether or not the sex acts were consensual.

The complainant was asked by the prosecutor, on direct examination over defense counsel's objection, whether she had suffered any lasting effects from the incident. The complainant stated that in the weeks and months following the rape she was extremely nervous, had nightmares, and "had to go and see a counselor for rape victims a number of times", and had been in therapy with her boyfriend since that time. Defense counsel, during the recess that followed, requested any *Rosario* material that had not yet been turned over by the prosecutor.

The Assistant District Attorney stated that until the complainant so testified she had not been aware that the complainant had gone to VSA for counseling. At the court's suggestion, the prosecutor agreed to contact VSA and request any notes which the complainant's counselor had taken. After lunch, the prosecutor informed the court that she had contacted the director of the VSA clinic which the complainant had visited. The director had informed her that the VSA forms were designed "deliberately to avoid their being subpoenaed into court as *Rosario* material." Although the director stated that the form provided a "comment section", she would not disclose the nature of the comments citing "confidentiality". The prosecutor had asked if there was anything to indicate that the complainant had in any way consented to what had occurred, or if the complainant was lying about anything that had happened. The director told her absolutely not, "we would never ask that question." Defense counsel objected to the People's failure to make this form from VSA available prior to any cross-examination of the complainant.

The *Rosario* rule, codified in CPL 240.45 (1) (a), gives the defendant an absolute right to review prior statements made by the prosecution's witnesses *(People v Rosario, supra; People v Ranghelle,* 69 NY2d 56 [1986]). The only limitations which

the courts have thus far recognized on the rule's disclosure requirements apply to confidential statements for which a privilege is asserted *(People v Tissois,* 72 NY2d 75 [1988] [assertion of statutory privilege against disclosure of statements to a certified social worker asserted by counsel for a child welfare agency relieved the People of the obligation to produce the social worker's notes]; *cf., People v De Jesus,* 69 NY2d 855 [1987] [prosecutor's failure to specifically invoke social worker privilege for *Rosario* material requested at trial required reversal of conviction]), and for materials which are not in the actual or constructive possession of the People *(People v Tissois, supra,* at 78 [People were not obligated to produce notes under the possession and control of the social worker who made them]; *People v Fishman,* 72 NY2d 884 [1988] [untranscribed plea minutes which had been ordered but not received by the prosecution were not subject to the *Rosario* disclosure requirement]; *Matter of Gina C.,* 138 AD2d 77 [1st Dept 1988] [newspaper reporter's notes which were not in the possession of Corporation Counsel or any other law enforcement agency were not subject to *Rosario* rule]; *cf., People v Fields,* 146 AD2d 505 [1st Dept 1989] [parole officer's notes were in possession of a law enforcement agency and therefore subject to the *Rosario* rule]).

Defendant contends that the prosecutor did not specifically assert a claim of privilege for the requested materials and, in any event, the complainant waived any privilege which might have existed by her testimony on direct examination. While we agree that the prosecutor did not establish a record supporting a claim based on the statutory privilege for confidential information given to a certified social worker pursuant to CPLR 4508, we cannot agree that such privilege, if it existed, was waived by the complainant's testimony. The complainant is not a party to a criminal prosecution and, in this instance, she did not place her mental condition in issue. The cases cited by defendant are inapposite. In *People v Lowe* (96 Misc 2d 33 [Crim Ct, Bronx County 1978]), the issue of the complainant's mental disability at the time the crime occurred raised a question regarding his reliability as the sole eyewitness to the alleged crime.

We agree, however, with the People's contention that the rape counselor's notes were not *Rosario* material because they were not in the actual or constructive possession of the District Attorney's office. There is nothing in the record to indicate that VSA is a "law enforcement agency" in any sense *(see, People v Fields,* 146 AD2d, *supra,* at 508-509), and the

refusal of the clinic director to divulge what was written on the form or to make it available to the prosecutor establishes that the People had no control over VSA or the material in its possession. "Having had no immediate access of their own to the statements *(contrast, People v Ranghelle,* 69 NY2d 56, 64), the People cannot be held responsible for a failure to turn them over to defendant." *(People v Fishman, supra,* at 886.) Concur—Kupferman, J. P., Sullivan, Milonas, Rosenberger and Wallach, JJ.