■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORIAN STARKE, Appellant.—Judgment, Supreme Court, New York County (Jay Gold, J.), rendered April 30, 1987, which, after a jury trial, convicted defendant of second degree assault and sentenced him to an indeterminate prison term of 3 to 6 years, unanimously affirmed.

Defendant, a former employee of Harlem Hospital, was found on the premises several months after his resignation by a security guard. Defendant assaulted the security guard with the guard's own nightstick. A nurse observed the incident and a special officer arrested the defendant.

At trial, neither the nurse nor the security guard victim could identify the defendant. Defendant's identity as the assailant was established by the testimony of the officer who arrested him coupled with the testimony of the nurse that she had seen the security guard's assailant in the custody of officers. While she testified that she believed that Officer Wilson was one of those officers, she could not identify him by name, stating that "I don't know the officers by name, just by face". Subsequently, she went to lunch with Officer Wilson. Upon returning to court, over defense objections, she was allowed to return to the stand to further testify that she now knew Officer Wilson by name and had seen the security guard's assailant in Officer Wilson's custody. While it was ill-advised to permit the nurse to return to the stand to give further testimony on the basis of a meeting with another witness during the trial, any error in that regard must be deemed harmless since the subsequent testimony was not inconsistent with the nurse's original testimony but, rather, merely served to more specifically identify the arresting officer by name.

Issue is also raised with respect to the reference by the nurse-witness, during cross-examination, to a report that she had filled out after the incident. Since this was the first indication of the existence of any such report, the trial court granted a continuance to allow the People to attempt to

produce the report. After the continuance, the Assistant District Attorney stated that he had investigated the matter and had learned that since the report did not involve a patient, it should not have been prepared and had probably been destroyed by the nurse's supervisor immediately upon filing. Defendant's contention that the court should have held a hearing on this point and taken the testimony of a hospital employee, rather than accepting the word of the Assistant District Attorney, is unpreserved and we decline to reach it. Were we to reach it, we would find it without merit since no request was made for a hearing nor any objection raised to the procedure followed. Although preserved, we also find no merit in defendant's assertion that the indictment should have been dismissed for failure of the People to produce the nurse's "incident report". There is no indication that the People ever had possession, control, or even knowledge of the report prior to the trial testimony (see, *People v Reedy,* 70 NY2d 826, 827).

We find no basis for interfering with the sentence imposed. *(People v Farrar,* 52 NY2d 302, 305.) Concur—Milonas, J. P., Rosenberger, Ellerin and Smith, JJ.