OPINION OF THE COURT
William Leibovitz, J.
This decision embodies a ruling made at trial. The defense claims that for cross-examination of the complainant the prosecution must provide it with notes taken at the office of a private attorney by a secretary who interviewed the complainant when he appeared there for advice regarding his civil remedies after an assault on him, allegedly committed by the *508 defendant. The defendant was charged with third degree assault (Penal Law § 120.00 [1]) and fourth degree criminal possession of a weapon (Penal Law § 265.01 [2]).
On May 13, 1990, the complainant was severely beaten with a cane outside a restaurant from which he had just been forcibly removed by several of its employees, one of whom was the defendant. The defendant denies the beating and blames another person for it. As a result of the assault, the complainant suffered multiple injuries and was briefly hospitalized. Before his removal to the hospital, both the complainant and an auxiliary officer who had witnessed the assault, identified defendant to the police as the person who had beaten the complainant. A few days later, the complainant related the incident to an attorney’s secretary as she took notes.
A year later at this jury trial, during defense counsel’s cross-examination of the complainant, the prosecution first learned of his statement to the private attorney’s secretary. The defense immediately demanded production of the notes for use on cross-examination.
The prosecution has never had physical possession of the secretary’s notes. Moreover, the attorney whose secretary interviewed the complainant was contacted during this trial by defense counsel and refused to relinquish the notes, even if subpoenaed, on grounds that it would violate the attorney-client privilege.
The defense is entitled at trial to any statement in the possession or control of the prosecution relating to the trial testimony of a prosecution witness. (People v Rosario, 9 NY2d 286, 289 [1961]; CPL 240.45.) A complete failure by the prosecution to turn over Rosario material, even in the absence of a request by the defense, constitutes reversible error per se, i.e., irrespective of any demonstration of prejudice to the defendant. (People v Jones, 70 NY2d 547, 553 [1987]; People v Ranghelle, 69 NY2d 56, 63 [1986].) Late production of Rosario material resulting in substantial prejudice to the defense requires the court to undo the prejudice with an appropriate sanction. (People v Ranghelle, supra, at 63.)
At this trial the People assert that they have no access to the notes in the hands of the private attorney, and have no obligation to produce them. The defense, by insisting on production, in effect seeks outright dismissal of the charges in anticipation of a complete failure by the prosecution to secure and produce the materials.
*509 ACCESS TO MATERIALS
The Rosario rule requiring the prosecution to turn over to the defense the prior statements of a witness is not absolute. It does not cover all statements conceivably in existence, but only those that are in the possession or control of the prosecution. (People v Rosario, supra, at 290.) If the rule were otherwise, every prosecution would illogically be vulnerable to outright dismissal whenever a prior statement arose to which the prosecution had no access.
I have found no published decision determining whether the prosecution must produce as Rosario material a witness’s statement taken by and in the custody of a private attorney’s office. (Cf., People v Marin, 86 AD2d 40 [2d Dept 1982], where the issue was not Rosario material, but whether summaries of notes taken by an attorney for civil litigation purposes during an interview of a witness by the District Attorney’s office were subject to subpoena by the defense at a criminal trial. The court held that the materials were the civil attorney’s work product under CPLR 3101 [c] and were therefore protected against a subpoena without a special showing.)
In a variety of factual settings the courts have decided that Rosario material does not embrace prior statements that are inaccessible to the People. (People v Bailey, 73 NY2d 812 [1988] [statement by security guard to private employer]; People v Fishman, 72 NY2d 884 [1988] [untranscribed minutes of plea by prosecution witness]; People v Reedy, 70 NY2d 826 [1987] [victim’s personal written account]; People v Starke, 159 AD2d 405 [1st Dept 1990] [nurse’s incident report to hospital]; People v Berkley, 157 AD2d 463 [1st Dept 1990] [statement by crime victim to Victim Services Agency]; Matter of Gina C., 138 AD2d 77 [1st Dept 1988] [newspaper reporter’s notes of statement taken from victim].)
In certain cases a prosecution witness’s statement is Rosario material and must be produced by the People although they do not actually possess it. The prosecution is deemed to have constructive possession of a statement in the custody of another law enforcement agency, which includes any agency that is "part of the prosecutorial function” (People v Fields, 146 AD2d 505, 509 [1st Dept 1989] [parole officer’s notes of witness’s statement were Rosario material]). In Fields, the court observed that a failure to produce a statement in the People’s constructive possession is reversible error, although they learned of it only after trial, and irrespective of whether *510 the defense knew of or had access to the material (People v Fields, supra, at 510).
Rosario material includes any statement made not only to law enforcement personnel but also to a private party, if it was prompted by law enforcement personnel who also possess or control it (People v Perez, 65 NY2d 154 [1985] [tape of telephone call by witness to defendant’s family made at suggestion of prosecution was Rosario material]).
In the present case, the prosecution owes no duty to the defense to produce the secretary’s notes of the complainant’s statement made at a private attorney’s office following the assault. The notes are not Rosario material because the People neither possess nor control them. There is no constructive possession based on custody by any other law enforcement agency. Moreover, the prosecution did not in any manner cause the complainant to be interviewed at the attorney’s office, and therefore no constructive possession or control of a statement made to a private party can be attributed here to the prosecution.
CONFIDENTIAL MATERIAL
Rosario material does not include that which "must be kept confidential” (People v Rosario, supra, at 289). Material that is privileged by statute is not Rosario material. In People v Tissois (72 NY2d 75 [1988]), the statement of a witness to a social worker, not possessed by the prosecution, was found to be statutorily privileged under CPLR 4508 (a) and therefore not Rosario material. (Cf., People v De Jesus, 69 NY2d 855 [1987], in which the prosecution at trial failed to object properly to producing a witness’s statement made to the Bureau of Child Welfare, and the court ruled this a waiver of the prosecution’s claim of a Rosario exemption based on confidentiality under CPLR 4508 [a].)
The defense in this case concedes that the private attorney whose secretary made notes of the complainant’s statement will not turn them over on grounds of the attorney-client privilege. The privilege extends to confidential communications made to "an attorney or his employee” (CPLR 4503 [a]). For this reason the notes are not subject to the Rosario rule.
*511 Therefore, on either of these grounds, that the People have no possession or control, or the statutory confidentiality of the material, I find that the notes in question are not Rosario material and the prosecution is without obligation to produce them at this trial.