OPINION OF THE COURT
William E. Garnett, J.
During the trial of this action, the complainant testified, on *964 cross-examination, that she had reported the damage to her car, the subject matter of a criminal mischief charge, to her insurance company. It was further elicited that, when she made the report, a representative of the insurance company wrote an account of her oral statement.
Defense counsel contended that he was entitled to that written record of the complainant’s statement as Rosario material. The District Attorney stated that he had not been cognizant of the complainant’s statement to her insurance company and that the written report was not in the custody or control of the District Attorney’s office.
The defense challenged the veracity of the District Attorney’s response. Counsel argued that the pretrial plea offers in this case had included a demand for restitution. The restitution was to compensate the complainant for the amount of the deductible on her collision insurance. The court file confirmed that the plea offers had included this provision. The defense argument followed that having demanded restitution for the deductible, the District Attorney had knowledge that the complainant had reported the incident to her insurance company and that the complainant’s account had necessarily been reduced to writing. In essence, the defense contended that the District Attorney’s awareness of the insurance claim created an affirmative duty on the prosecution to seek out any documentation of the complainant’s claim.
The court has not found any cases which deal with the issue of whether insurance reports, which include statements made by prosecution witnesses, constitute Rosario material.
CPL 240.45 (1) (a) mandates that the People make available to the defendant "[a]ny written or recorded statement” made by a prosecution witness "which relates to the subject matter of the witness’s testimony”. While a literal interpretation of this provision would seem to warrant an absolute duty to provide all prior statements of prosecution witnesses, this section’s applicability has been circumscribed by prior and subsequent case law. In fact, the literal, expansive interpretation of this section has been explicitly rejected by the New York State Court of Appeals. (People v Fishman, 72 NY2d 884, 886 [1988].)
In the seminal case of People v Rosario (9 NY2d 286, 289 [1961]), the reach of the disclosure obligation was limited to statements made "to police, district attorney or grand jury.” The principal focus was statements made to law enforcement *965 officers. The District Attorney was, at least, chargeable with constructive knowledge, possession and control of these earlier witness’ accounts. (See also, People v Ranghelle and People v Buster, 69 NY2d 56 [1986] [police complaint report and police memobook entries respectively]; People v Consolazio, 40 NY2d 446 [1976] [prosecutor’s worksheets which contained witness’ statements].)
In People v Reedy (70 NY2d 826, 827 [1987]), the Court of Appeals ruled that a victim’s personal written account of an incident was not Rosario material for the statement was not in the "possession or control” of the prosecutor. (See also, People v Tissois, 72 NY2d 75, 78 [1988] [statements made to a social worker are not Rosario material and are privileged].) Even a statement made to a private security guard is not Rosario material. (People v Bailey, 73 NY2d 812, 813 [1988].)
In People v Fishman (supra), the defense contended that the People had failed to fulfill their Rosario duty by not actually making available the plea minutes of a cooperating defendant. Although the prosecutor had attempted to obtain the minutes, his failure was of no moment in that the District Attorney did not have "immediate access” to the minutes. Thus, even a knowing failure to turn over prior statements of a witness is not error where the prosecutor has no custody or control over the document or documents.
In a recent Rosario case, the Court of Appeals found that a motor vehicle accident report filed by the complainant with the Department of Motor Vehicles was not within the possession or control of the District Attorney. (People v Flynn, 79 NY2d 879 [1992].) The Court reiterated (at 882): "We have consistently held that the People’s Rosario obligation to produce the pretrial statements of prosecution witnesses is limited to material which is within their possession or control.” Therefore, even a prior statement given to a State administrative agency, not a law enforcement agency, is not within the constructive possession or control of the prosecution.
The intermediate appellate courts have adhered to the Court of Appeals limitation on the type of materials which is deemed Rosario material. For example, both the First and Second Departments agree that materials generated by a parallel civil action brought by the complainant do not constitute Rosario material. (People v Yu, 166 AD2d 249 [1st Dept 1990], lv denied 76 NY2d 992 [1990]; People v Anderson, 160 AD2d 806 [2d Dept 1990].) Further, notes made by a rape *966 counselor at the Victim Services Agency are similarly not Rosario material. (People v Berkley, 157 AD2d 463 [1st Dept 1990], lv denied 75 NY2d 917 [1990].)
In People v Vail (167 AD2d 567 [3d Dept 1990], lv denied 77 NY2d 845 [1991]), the prosecution became aware that the complaining witness maintained a diary which memorialized certain events. The People obtained copies of portions of the diary and provided the defense with those copies. However, the People never obtained possession of the diary which was subsequently altered by the witness prior to the trial. The defense argued that the People’s failure to obtain and preserve the diary constituted Rosario error which merited preclusion of the testimony of the witness.
The Appellate Division ruled that the diary itself was not Rosario material in that the People did not have possession of or control over it. This case illustrates two points. First, even knowledge of prior, written statements does not create a Rosario duty. Further, such knowledge does not require the prosecution to take affirmative steps to obtain and safeguard prior, written accounts which are not in its possession or control. Only where the People actually or constructively possess such statements are they obliged to make them available to the defense.
After concluding that People v Rosario (supra) did not require the prosecution to provide newspaper accounts of an incident, the Appellate Division, First Department, summed up its review of the law in this area: "We find no justification, under the law, to impose on prosecuting agencies the burden of identifying and obtaining every statement made by a prosecution witness to the media, community leaders, or anyone else, for if such a burden were imposed, even an innocent violation of it would be a per se error, under the Rosario rule, requiring reversal.” (Matter of Gina C., 138 AD2d 77, 84 [1st Dept 1988] [emphasis added].) Thus, the prosecution need not waste precious pretrial preparation time seeking out prior, written accounts of its witnesses which are not within its actual or constructive control.
The only exception to the proposition that the People need not provide prior statements given to private parties is where the prosecution has prompted the witness to communicate with a third party. (People v Perez, 65 NY2d 154,158 [1985].)
In summary, the prosecution needs only to provide prior written statements made by its witnesses which are within its *967 actual or constructive possession. A statement made to a private person or entity is not Rosario material unless the People actually have the statement in their file or the statement was generated as a consequence of a suggestion made by law enforcement. Even if the People are cognizant of prior statements to third parties, the law does not require the District Attorney to obtain or preserve those statements in order to satisfy its common-law and statutory obligations.
In the instant case, the fact that, in pretrial plea negotiations, the People sought restitution for the complainant’s insurance deductible did not create a duty on the People to seek out any prior statement given to the insurance company. The mere request for restitution did not necessarily confirm the existence of a prior written statement. Even if it did show implied knowledge, the law did not impose a duty on the prosecution to obtain such a prior written statement to the insurance carrier. Further, in this case, confirmation of a prior written statement only came on cross-examination of the complainant.
Clearly, the People did not have "immediate access” or possession or control, actual or constructive, to or of any written statement produced by the complainant’s contact with her insurance company. Even if knowledge, actual or implied, of a prior statement is assumed for the sake of argument, the common law, specifically People v Fishman (supra), and People v Vail (supra), did not dictate that the prosecution marshal any prior statements to the insurance carrier. If possession of a prior written statement to a sister State agency is not imputed to the prosecution as in People v Flynn (supra), it is hard to imagine such a burden being placed on the prosecution where a document is generated by a private insurance company.
Insurance is so pervasive in our society that most criminal prosecutions involving physical harm or property damage will ultimately result in some action by insurance companies. To require the prosecution to conduct a parallel investigation to discover documentation of its witness’s statements in these myriad situations to prevent the invocation of a per se reversal rule would be an unwarranted expenditure of prosecutorial, and public, resources.
Thus, the insurance report was not Rosario material.