*993 OPINION OF THE COURT
Charles A. Kuffner, Jr., J.
Defendant has brought this postjudgment motion pursuant to CPL 440.10 (1) (f) to set aside his conviction of manslaughter in the first degree and for an order directing a new trial because of prosecutorial misconduct. The claimed prejudice is allegedly the prosecutor’s omission to provide trial counsel with an audiotape that formed the basis of the Medical Examiner’s autopsy report. Counsel for the Office of the Chief Medical Examiner of the City of New York has made application to appear amicus curiae, which application is granted.
Defendant was indicted for the December 4, 1989 stabbing death of Mr. Roy Harvey. He was charged with murder in the second degree and criminal possession of a weapon in the third degree. After jury trial he was convicted and thereafter sentenced. The prosecutor introduced an autopsy report through the testimony of Doctor Kanu Virani, the Associate Medical Examiner who performed the procedure. Subsequent to the judgment of conviction appellant’s counsel became aware that the Office of the Chief Medical Examiner for the City of New York (OCME) retains an audiotape for every autopsy performed by that office. In addition, he also learned the victim’s file could contain as many as 13 additional items and reports (i.e., various test results, police department identification form, scene investigation report or notes, etc.). The audiotape was never turned over to trial counsel by either the office of the District Attorney or OCME. The District Attorney did not receive the tape from the Medical Examiner because it was not forwarded with the autopsy report nor requested of OCME.
According to the affidavit submitted by OCME the Medical Examiner’s office is an "independent” agency (NY City Charter § 557 [a]) separate and apart from any District Attorney’s office or police department within the City of New York. OCME’s jurisdiction is defined in section 557 (f) of the New York City Charter. In the performance of its statutory duties OCME maintains a centralized records unit where written case documents are kept and an evidence unit where physical evidence is stored. In 1961 the Administrative Code of the City of New York was amended to permit the Medical Examiner to dictate observations made at or as a result of the autopsy which would thereafter be transcribed into a verbatim report. The pathologist then revises, corrects and inserts his or her conclusions into a final written report.
*994 New York City Charter § 557 (f) defines the OCME’s jurisdiction as follows: "[t]he chief medical examiner shall have powers and duties as may be provided by law in respect to bodies of persons dying from criminal violence, by casualty, by suicide, suddenly when in apparent health, when unattended by a physician, in a correctional facility or in any suspicious or unusual manner or where an application is made pursuant to law for a permit to cremate the body of a person.”
New York City Charter § 557 (g) requires OCME to keep "full and complete records in such form as may be provided by law.” OCME complies with the New York City Charter and the Administrative Code by providing the District Attorney with written documents maintained by the records unit. The package of material forwarded to the District Attorney does not include the dictation tape which is administered by the evidence unit. Access to material maintained by the evidence unit is readily available to a defendant upon obtaining a court-ordered subpoena.
At the outset, the prosecution proffers a procedural defect requiring dismissal of defendant’s application. According to CPL 440.10 (3) (a) the court may deny a motion to vacate a judgment of conviction which is on appeal when the facts underlying the issue raised could have with due diligence by the defendant been made to appear on the record for adequate appellate review but the defendant unjustifiably failed to adduce such matter prior to sentence. The court rejects this contention outright. Taking into account the nature of the dispute, the interests of justice require the court to resolve the substantive questions rather than reject the application for technical procedural reasons. In any event, the requirements of section 440.10 for the purpose of reviewing the question raised by defendant are within the sound discretion of the court. Moreover, whether defendant could have obtained the audiotapes or had access to this material is irrelevant if the People were required to turn them over as Rosario material. (People v Ranghelle, 69 NY2d 56; People v Fields, 146 AD2d 505, 510.)
The remaining question for determination is whether the audiotapes retained at the evidence unit of the Medical Examiner’s office are actually Rosario material. For the reasons stated herein, the question must be answered in the negative.
The Court of Appeals has consistently held that "the Peo *995 pie’s Rosario obligation to produce the pretrial statements of prosecution witnesses is limited to material which is within their possession or control.” (People v Flynn, 79 NY2d 879, 882.) In the Flynn case the claimed Rosario material (victim’s automobile accident report) was in the possession of a State administrative agency, the Department of Motor Vehicles, and not within the control of the prosecutor. The nature of the entity or individual retaining the evidentiary material is determinative. Therefore, a prosecution witness statement to a child welfare social worker (People v Tissois, 72 NY2d 75), untranscribed plea minutes (People v Fishman, 72 NY2d 884), victim’s personal notes of crime (People v Reedy, 70 NY2d 826), victim’s statement to crime victim’s compensation board (People v Letizia, 159 AD2d 1010), statement of rape victim to victim service agency (People v Berkley, 157 AD2d 463), newspaper reporter’s notes (Matter of Gina C., 138 AD2d 77), and private security guard’s report produced for his employer’s benefit (People v Bailey, 73 NY2d 812) which are not in the actual possession of the People were found not to be constructively within the People’s control or possession. In contrast, a parole officer’s notes (People v Fields, supra) and documents in the custody of the police department (People v Ranghelle, supra) are Rosario material subject to timely availability to defense counsel because these entities are agencies of the law enforcement system.
OCME is an independent administrative agency within the City of New York Department of Health without peace officer or prosecutorial status. OCME’s statutory obligation is to determine through an impartial, medically reliable procedure the cause of death and to transmit the same in the form of a written report when death occurs within a specified category (see, NY City Charter § 557 [f]; Administrative Code of City of NY §§ 17-201 — 17-205). The agency’s only relation to law enforcement is pursuant to section 557 (g) of the New York City Charter which makes it obligatory upon OCME to "promptly deliver to the appropriate district attorney copies of all records relating to every death as to which there is, in the judgment of the medical examiner in charge, any indication of criminality.”
As our colleague, Justice Adlerberg, observed in People v Railey (159 Misc 2d 393, 399), OCME is not only without power to bring charges against anyone but "[t]he purpose of its investigation is not to determine an individual’s guilt or non-guilt of a crime, and its connection with any criminal *996 prosecution is solely an incident of its duty to render an impartial, scientific determination of the cause of a person’s death.”
OCME maintains, and the court finds as a matter of law, that it complies with this statutory duty by providing the District Attorney with an extensive written report and keeps safe all other relevant test results and evidence upon which the report was based in their possession for inspection by appropriate authority or lawful mandate of the court.
What constitutes "all records” relating to the death that are to be turned over to the District Attorney is solely within the discretionary province of the Medical Examiner. The written report is an analysis of all the tests, documents and evidence within the possession of OCME and the District Attorney has no control over what is initially forwarded to them. Clearly, were the District Attorney to request additional data the receipt of this information would constitute Rosario material. Since OCME is not a prosecutorial or law enforcement agency or a branch of either entity its decision as to which records to forward to the District Attorney does not represent a "bad faith * * * effort to frustrate the defendant’s right to cross-examination.” (People v Springer, 153 AD2d 959, 960.)
OCME’s decision to furnish only the pathologist’s written report is given deference as an agency’s rational and reasonable interpretation of the laws under which it operates. (Matter of Rambo v Jorling, 177 AD2d 577, 578; Matter of Henschke v State Div. of Hous. & Community Renewal, 79 NY2d 780, affg 174 AD2d 535, 536.) As stated by OCME in their amicus affidavit the agency defines "records” as used in the New York City Charter (§ 557 [g]) and the Administrative Code (§ 17-205) to mean written documents maintained by its records unit.
In conclusion, OCME is not a law enforcement or prosecutorial agency and the District Attorney’s office does not have direct or constructive control over the material gathered and maintained by OCME. Therefore, the District Attorney is only required for Rosario purposes to share with defense counsel such documentation or evidentiary material furnished to it by OCME. Since the autopsy report was shared with trial counsel by the District Attorney and the District Attorney was not in possession or control of the audiotape, defendant’s motion pursuant to CPL 440.10 is denied.