■ In the Matter of IGOR YAKUBOV, Appellant, v NINA BOLKVADZE, Respondent. [925 NYS2d 341]—In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Weinstein, J.), dated December 2, 2010, as, upon denying the mother's motion for leave to reargue her objections to an order of a Support Magistrate entered July 21, 2010, which were denied as untimely in an order of the same court dated October 18, 2010, sua sponte directed the Support Magistrate to enter an order of child support on behalf of the mother for the period of February 22, 2008, to July 2008.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as sua sponte directed the Support Magistrate to enter an order of child support on behalf of the mother for the period of February 22, 2008 to July 2008, is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* Family Ct Act § 439 [e]; § 1112); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The relief from which the father appeals, the Family Court's direction to the Support Magistrate to enter an order of support on behalf of the mother for the period of February 22, 2008, to July 2008, is not appealable as of right (*see* Family Ct Act § 439 [e]; § 1112). We treat the father's appeal as an application for leave to appeal, and in the exercise of discretion, that application is granted.

The Support Magistrate specifically found that the parties'

children both resided with the mother from February 22, 2008, until July 2008, but failed to grant the mother child support during that time. We agree with the Family Court that the failure to grant the mother child support during that time was apparently an oversight in light of the Support Magistrate's factual finding and, therefore, we affirm the order insofar as appealed from. Dillon, J.P., Leventhal, Hall and Lott, JJ., concur.