Order, Supreme Court, New York County (Ellen Gesmer, J.), entered January 11, 2012, which, following an interim order, *594 same court and Justice, entered on or about December 6, 2011, granting plaintiff’s motion to declare New York the home state of the parties’ children and denying defendant’s motion to decline jurisdiction pursuant to the Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA) in the underlying child custody proceeding, directed defendant to return the children to New York, unanimously affirmed, without costs. Appeal from December 6, 2011 order unanimously dismissed, without costs, as subsumed in the appeal from the January 11, 2012 order.
Defendant does not dispute that the trial court correctly determined that New York was the home state based on the fact that both children lived in New York for more than six consecutive months before the commencement of child custody proceedings (see Domestic Relations Law §§ 75-a [7]; 76 [1] [a]). Indeed, the children had never lived outside of New York until July 3, 2011, when they moved with defendant to North Carolina, and their mother continues to reside in New York. Moreover, the UCCJEA “elevates the ‘home state’ to paramount importance in both initial custody determinations and modifications of custody orders” (Matter of Michael McC. v Manuela A., 48 AD3d 91, 95 [1st Dept 2007], lv dismissed 10 NY3d 836 [2008]).
Contrary to defendant’s assertions, Supreme Court properly weighed all factors relevant to a determination whether North Carolina was a more appropriate forum and properly concluded that it was not (see Domestic Relations Law § 76-f [1], [2]). Among other things, the court weighed defendant’s superior financial circumstances and the much shorter length of time the children resided in North Carolina, as well as the fact that the majority of witnesses and documents are located in New York, including evidence relevant to the parents’ allegations of misconduct against each other. In addition, defendant himself seemed to acknowledge that New York was a more appropriate forum to look into allegations of abuse and neglect of his daughter, which are relevant to any custody determination, because he reported these allegations to the New York City Administration for Children’s Services, although he claimed to have learned of the alleged abuse only after moving to North Carolina.
The court also gave proper weight to plaintiffs claims that defendant moved the children to North Carolina without her consent, and thus engaged in “unjustifiable conduct,” which, if true, would obligate the North Carolina court to decline jurisdiction (see Domestic Relations Law § 76-g). Without making any determination whether defendant engaged in such conduct, the court observed, correctly, that if a determination were made that he did so, North Carolina would have no basis for continu *595 ing jurisdiction, whereas there are no such potential hindrances to jurisdiction in New York. Concur—Tom, J.P., Sweeny, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.