■ In the Matter of BRETT M.D., Respondent, v ELIZABETH A.D., Appellant. [972 NYS2d 36]—

Order, Family Court, Bronx County (James E. d'Auguste, J.), entered on or about April 10, 2012, which denied respondent-appellant mother's motion to dismiss these custody proceedings on forum non conveniens grounds, unanimously affirmed, without costs. Leave to appeal from the aforementioned order is granted nunc pro tunc. Appeal from order, same court and Justice, entered on or about December 7, 2011, unanimously dismissed, without costs, as abandoned.

The order denying the mother's motion to dismiss is not appealable as of right (*see* Family Ct Act § 1112 [a]; *Matter of Holtzman v Holtzman*, 47 AD2d 620, 620-621 [1st Dept 1975]). However, in the exercise of discretion, we treat the mother's appeal as an application for leave to appeal, and grant the application nunc pro tunc (*see Matter of Gina C.*, 138 AD2d 77, 83 [1st Dept 1988]; *Matter of Yakubov v Bolkvadze*, 85 AD3d 934, 934 [2d Dept 2011]).

The mother does not challenge the determination that New York is the home state, which is soundly based on the child's

substantial, albeit intermittent, period of residence in New York from the child's birth in May 2006 until June 2010, when the mother and child moved to Florida (*see* Domestic Relations Law §§ 75-a [7]; 76 [1] [a]). The home state is of "paramount importance" in determining jurisdiction in custody proceedings (*Matter of Michael McC. v Manuela A.*, 48 AD3d 91, 95 [1st Dept 2007], *lv dismissed* 10 NY3d 836 [2008]).

The court providently exercised its discretion and properly weighed all relevant factors in concluding that New York, not Florida, is the more appropriate forum for the custody proceedings (*see* Domestic Relations Law § 76-f [1], [2]). Among other things, the court properly considered that the mother had moved to Florida with the child less than one month before the filing of the custody petition, and that evidence relating to the mother's allegations that the father had engaged in domestic violence against her and sexually abused the child was located in New York, where these incidents allegedly occurred (*see Gottlieb v Gottlieb*, 103 AD3d 593, 594 [1st Dept 2013]; *see also Vernon v Vernon*, 100 NY2d 960, 971 [2003]). In addition, the father had agreed to pay the child's travel expenses to New York for the proceedings and any related evaluations. Further, whenever feasible, the court would permit the mother to appear at proceedings telephonically from Florida, at little expense to her. Concur—Andrias, J.P., Sweeny, Acosta, Saxe and Clark, JJ.