■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY STEVEN BAILEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered May 5, 1986, convicting him of unauthorized use of a motor vehicle in the second degree, criminal possession of a hypodermic instrument, and criminal trespass in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It was alleged that the defendant entered the premises of a milk company and attempted to drive away in a truck that was parked therein. He was apprehended by private security guards and milk company employees. The People called the security guards and an employee as witnesses at the trial. During cross-examination of two of the witnesses it was revealed that they had made written reports of the incident for their private employers. By the time of trial, however, the reports had been destroyed. The defendant claims that the prosecution's failure to discover the existence of the reports and to preserve them for his use constitutes a *Rosario* violation *(see, People v Rosario,* 9 NY2d 286, 289, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866; CPL 240.45 [1] [a]) We disagree.

CPL 240.45 (1) (a) requires that the prosecution deliver to a defendant any statements made at the direction of law enforcement officials or which are in the possession and control of the prosecutor *(cf.,* CPL 240.20 [1]; *People v Ranghelle,* 69 NY2d 56, 64; *People v Perez,* 65 NY2d 154, 159). In this case, however, the prosecutor did not even know about the statements until his witnesses' cross-examination. Obviously they were not made at his direction nor were they under his control or in his possession.

The defendant's challenge to the imposition of a mandatory surcharge upon his conviction *(see,* Penal Law § 60.35) is premature at this juncture *(see, People v Bethea,* 133 AD2d 836; *People v Williams,* 131 AD2d 525; *People v West,* 124 Misc 2d 622). Brown, J. P., Weinstein, Kooper and Sullivan, JJ., concur.