■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN JACOME, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered October 27, 1982, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), burglary in the second degree and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence. The appeals brings up for review the denial, after a hearing (Browne, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

While we agree with the defendant's contention that the

testimony given by one of the complaining witnesses at the *Wade* hearing of the defendant's accomplice constituted *Rosario* material, we find that the prosecution's failure to turn over a transcript of that testimony at either the defendant's *Wade* hearing or trial does not warrant reversal. Initially, we note that the relevant portions of the instant case preceded the effective date of CPL 240.44 and therefore were not governed by the provisions of that statute. Moreover, the record demonstrates that the prosecution did not possess a transcript of the testimony at the time the defendant requested its production and the court was entitled to rely upon a representation to that effect by the prosecution *(see, People v Poole,* 48 NY2d 144; *People v Ciola,* 136 AD2d 557, *lv denied* 71 NY2d 893). Nor is there any evidence indicating that the prosecution came into possession of the transcript at any time thereafter. Hence, "[h]aving had no immediate access of their own to the statements *(contrast, People v Ranghelle,* 69 NY2d 56, 64), the People cannot be held responsible for a failure to turn them over to [the] defendant" *(People v Fishman,* 72 NY2d 884, 886; *see, People v Bailey,* 135 AD2d 643, *lv granted* 70 NY2d 1003).

We are unable to review the defendant's contention with respect to the propriety of the trial court's *Sandoval* ruling, as that ruling is not contained in the record before us and the defendant has failed to employ satisfactory alternative means to produce it *(see generally, People v Glass,* 43 NY2d 283; *People v Strong,* 137 AD2d 733, *lv denied* 71 NY2d 1034).

We have considered the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Rubin, Spatt and Sullivan, JJ., concur.