■ In the Matter of MICHAEL K., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Sparrow, J.), dated January 25, 1989, which, upon a fact-finding order of the same court, dated November 23, 1988, made after a hearing, finding that appellant had committed acts which, if committed by an adult, would have constituted the crimes of attempted sodomy in the first degree and sexual abuse in the first degree (two counts), adjudged him to be a juvenile delinquent, and placed him on probation for two years. The appeal brings up for review the fact-finding order dated November 23, 1988.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that the Family Court's dispositional order must be reversed because of the presentment agency's failure to preserve and disclose alleged *Rosario* material *(see,* Family Ct Act § 331.4 [1] [a]) in the form of a personal account written by the complainant of the sexual assault perpetrated by the appellant. It is clear, however, that the complainant's notes were only briefly shown to a police officer before they were eventually discarded by the complainant. Thus, unlike the police officers' notes at issue in *People v Wallace* (76 NY2d 953), they do not constitute *Rosario* material *(see, People v Reedy,* 70 NY2d 826; *People v Bailey,* 135 AD2d 643, *affd* 73 NY2d 812; *cf., Matter of Gina C.,* 138 AD2d 77). Moreover, the notes were not made at the direction of any law enforcement agent nor were they in the possession and

control of the police or the presentment agency. Indeed, the attorney for the presentment agency was unaware of the existence of these notes until the complaining witness mentioned them on cross-examination. Accordingly, this case presents no reversible *Rosario* violation *(see, People v Bailey, supra)*. Lawrence, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.