■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DION JOHNSON, Also Known as ERIC WRIGHT, Appellant. [601 NYS2d 815] —Appeal by the defendant from two judgments of the Supreme Court, Kings County (Jones, J.), both rendered March 12, 1991, convicting him of criminal possession of a weapon in the third degree under Indictment No. 5831/89, upon a jury verdict, and criminal possession of a controlled substance in the fourth degree under Indictment No. 1257/90, upon his plea of guilty, and imposing sentences, and an amended judgment of the same court, also rendered March 12, 1991, revoking a sentence of probation previously imposed by the same court (Kay, J.), upon a finding that he had violated a condition thereof, under Indictment No. 528/88, upon his admission, and imposing a sentence of imprisonment upon his prior conviction of criminal possession of a controlled substance in the third degree.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY JOHNSON, Appellant. [599 NYS2d 861] —Appeal by the defendant (1) from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered February 23, 1989, convicting him of criminal possession of a weapon in the third degree (two counts) and assault in the third degree, upon a jury verdict, and imposing sentence, and, (2) by permission, from an order of the same court dated December 13, 1991, denying

his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and the order are affirmed.

The prosecution is obligated to disclose evidence which is in its possession, is favorable to the defense, and is material either to guilt or punishment (see, People v Delvecchio, 187 AD2d 726). "It is elementary that in order to be deemed Brady * * * material * * * that material must be within the possession, custody or control of the People and when the material at issue is not within the People's control, the rules of Brady * * * are not violated" (People v Rodriguez, 155 AD2d 257, 259). In the instant case, there was no Brady violation since the People never possessed the material in question (see, People v Forbes, 190 AD2d 816; People v Simpson, 125 AD2d 347; CPL 240.44, 240.45).

At trial, it was determined that two prosecution witnesses, both privately-employed security guards, had memo books. One of the witnesses recalled making a notation in his memo book regarding the incident for which the defendant was being prosecuted, while the other witness stated that he "possibly" made a notation. The defendant claims that the People's failure to discover and preserve the statements made by two prosecution witnesses constitutes a Rosario violation. We disagree. Since the notes were not made at the direction of the police department or were ever in the possession and control of the People, they did not constitute Rosario material (see, People v Bailey, 73 NY2d 812; Matter of Michael K., 168 AD2d 621).

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Thompson, J. P., Miller, Santucci and Joy, JJ., concur.