■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JEAN ARLINGTON SMITH, Appellant. [616 NYS2d 51] —Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered September 3, 1991, convicting him of rape in the first degree and assault in the third degree, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence, in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily issues to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (CPL 470.15 [5]; *see, People v Bleakley,* 69 NY2d 490, 495).

Contrary to the defendant's contention, the People's failure to provide him with a handwritten draft of a typewritten statement that the complainant presented to the police does not constitute a *Rosario* violation. The complainant testified that she had destroyed and discarded her handwritten draft prior to contacting the police concerning the incidents in question. Since the handwritten draft was not made at the direction of the police and since it was never in the possession of or under the control of the People, it does not constitute *Rosario* material *(see, People v Bailey,* 73 NY2d 812; *People v Reedy,* 70 NY2d 826, 827; *see, e.g., People v Johnson,* 195 AD2d 481, 482; *Matter of Michael K.,* 168 AD2d 621).

The defendant's sentence is not excessive *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contention and find that it is without merit. Bracken, J. P., Miller, Joy and Altman, JJ., concur.