OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
Defendant’s 11-year-old daughter accused him of having raped and sexually abused her for several years. At trial, defendant contended that these accusations were instigated by the child’s mother, from whom he was separated, in order to gain custody of their four children. To support this argument, defense counsel sought to confront complainant with her account of the alleged sexual attacks to a social worker employed by the Bureau of Child Welfare (BCW), and he demanded that the People provide the defense with these prior relevant statements. The prosecutor objected on the grounds that the statements were "privileged information” and that they were protected by the Family Court Act. The prosecutor further asserted, "there is nothing I possess from BCW which is relevant for this trial.” Defense counsel, in *857 reply, claimed that he was "entitled to any prior statements that are made by a witness, that is applicable to the testimony that is being given by the particular witness before a Court.” The trial court sustained the prosecutor’s objection and denied defendant’s request for the statements. Defendant was convicted of rape, sodomy and sexual abuse, and the Appellate Division affirmed.
"[0]nce a witness testifies for the People, the prosecutor is obligated to turn over to defense counsel the witness’ prior statements relating to 'the subject matter of the witness’ testimony’ ” (People v Perez, 65 NY2d 154, 158, quoting People v Rosario, 9 NY2d 286, 289). Here, defense counsel claimed he had the right to statements of the complainant made to BCW. The prosecutor at that point was obliged at least to specify any objection he may have had to furnishing the requested materials. The prosecutor now specifies two objections, but neither was made in the trial court and therefore neither is preserved for our review (CPL 470.35 [1]). First, the prosecutor’s reference to privilege and the Family Court Act were inadequate to invoke CPLR 4508 (see, Matter of Grattan v People, 65 NY2d 243, 246).* Second, the prosecutor’s claim that he possessed nothing relevant from BCW was insufficient to preserve his current contention that Rosario material does not include statements in the custody of the BCW. In both instances, the prosecutor’s failure to raise his present contentions left no opportunity for the Trial Judge to consider these matters. Moreover, in the absence of proper objection there was no occasion for defendant to make a record — for example, with respect to the People’s relation to BCW, or the prosecutor’s possession of BCW records, or who in these circumstances might assert (or waive) any privilege under CPLR 4508 (see, People v Nieves, 67 NY2d 125, 134-136; see also, People v Tutt, 38 NY2d 1011). Inasmuch as we do not reach the merits of the Rosario issue, we have no occasion to pass on the availability of any of the requested materials.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, *858 Hancock, Jr., and Bellacosa concur in memorandum; Judge Alexander taking no part.
Order reversed, etc.

CPLR 4508 (a) (3) provides that "A person duly registered as a certified social worker * * * shall not be required to disclose a communication made by his client to him, or his advice thereon, in the course of his professional employment * * * except * * * where the client is a child under the age of sixteen and the information acquired by the certified social worker indicates that the client has been the victim or subject of a crime, the certified social worker may be required to testify fully in relation thereto upon any examination, trial or other proceeding in which the commission of such crime is a subject of inquiry”.