OPINION OF THE COURT
Alexander, J.
Statements made to a registered social worker, during the course of that worker’s employment, are deemed confidential communications protected from disclosure by statute (CPLR 4508). We hold that defendant’s claim of entitlement under People v Rosario (9 NY2d 286) to statements made by prosecution witnesses to a social worker employed by the Brooklyn Society for the Prevention of Cruelty to Children is insufficient, in the circumstances presented, to overcome this statutory privilege properly invoked at trial.
Defendant was convicted of rape in the second degree and various counts of sexual abuse based upon accusations made by three young children who, together with their parents, temporarily shared a home with defendant in Brooklyn during the summer of 1984. Defendant contended that the children were coerced into making these accusations by their father, who was a strict disciplinarian resentful of the friendship that had developed between defendant and the children. In order to secure support for this theory, defense counsel subpoenaed the notes of a social worker for the Brooklyn Society for the Prevention of Cruelty to Children (BSPCC), who interviewed and counseled the children prior to trial. At trial, defendant argued that he was entitled under People v Rosario (9 NY2d 286, supra; see also, CPL 240.45 [1] [a]) to production of these notes to facilitate cross-examination of the children regarding the alleged acts and the strained relationship between the children and their father.
The social worker’s notes — consisting of seven typewritten pages — were not in the possession of the prosecutor; they were produced by counsel for the BSPCC, who requested that the BSPCC be notified if the trial court was inclined to disclose them so that he could discuss such disclosure with the children insofar as the documents were deemed confidential under the CPLR (see, CPLR 4508). After an in camera inspection, the trial court denied defendant’s request for the notes as Rosario *78 material on the ground that they contained "nothing whatsoever exculpatory, and nothing whatsoever * * * that is inconsistent” with the testimony of the children on direct examination. On appeal from his conviction, defendant challenges the trial court’s determination, arguing that it impeded him from adequately presenting his defense, and that the rule established in People v Rosario (9 NY2d 286, supra) — which imposes generally an obligation on the People to produce pretrial statements of prosecution witnesses prior to cross-examination —entitles him to inspect the pretrial statements the children gave to the social worker (see generally, People v Ranghelle, 69 NY2d 56, 62; People v Jones, 70 NY2d 547, 550).
We have identified certain factors as bearing upon the scope of the People’s obligation under Rosario to produce the pretrial statements of prosecution witnesses. In Rosario itself, we recognized that the defense is entitled to examine such statements to determine their value for cross-examination, "[a]s long as the statement * * * contains nothing that must be kept confidential” (People v Rosario, 9 NY2d 286, 289, supra; People v Ranghelle, 69 NY2d 56, 59, supra). Also to be considered is whether the material sought is in the possession or control of the People (see, e.g., People v Fishman, 72 NY2d 884; People v Reedy, 70 NY2d 826, 827; cf., People v Perez, 65 NY2d 154, 158 [statements made to private party but prompted and recorded by prosecutor are in possession and control of People]). Here, consideration of both factors demonstrates that the People were not required to produce the communications of the child victims to the social worker. The interview notes of a registered social worker taken during the course of his or her employment are confidential communications protected from disclosure by statutory command. CPLR 4508 (a) prohibits a "person duly registered as a certified social worker” from disclosing "a communication made by his client to him * * * in the course of his professional employment”. Ordinarily, therefore, prior to trial a social worker’s interview notes would not be in the possession or control of the People, but in the possession and control of the social worker. Indeed here, the record demonstrates that the material was not in the possession or control of the People. Under these circumstances, the People were not obligated within the meaning of the Rosario rule to produce the social worker’s notes.
Alternatively, defendant urges that our holding in People v *79 De Jesus (69 NY2d 855) requires reversal here. In De Jesus, defendant demanded that the People provide him with the complainant’s pretrial account of the alleged sexual acts given to a social worker at the Bureau of Child Welfare. At trial, the prosecutor objected to having to produce the statements, but failed to assert the statutory privilege of CPLR 4508— leaving the Trial Judge no opportunity to consider the privilege, and the defendant no occasion to make a record "with respect to the People’s relation to [the Bureau of Child Welfare], or * * * who in these circumstances might assert (or waive) any privilege under CPLR 4508” (People v De Jesus, 69 NY2d 855, 857, supra). We held that once the defendant claimed a right to the statements under Rosario, the prosecutor was obliged to specify any objection he had to furnishing the requested material (People v De Jesus, 69 NY2d 855, 857, supra). Here, defendant argues that because the statutory privilege was not cited by the trial court as the basis for its ruling at the time of trial, defendant was not afforded the opportunity to make a record with respect to the privilege, and therefore De Jesus controls.
We find De Jesus to be inapposite, however. The record here reveals that counsel for the BSPCC expressly invoked the statutory privilege codified in CPLR 4508 when producing the documents for the limited purpose of an in camera review by the court. The court, the prosecutor, and defense counsel— prior to the court’s ruling on defendant’s demand for the notes —all were apprised of this. Indeed, it was because of the statutory prohibition against disclosure that the BSPCC had not complied with defendant’s subpoena from the outset. The privilege embodied in CPLR 4508 having been asserted, it was incumbent upon defendant to demonstrate entitlement to the material despite the statutory privilege. Defendant failed to assert the applicability of any exceptions to the prohibition of disclosure (see, CPLR 4508 [a]). Moreover, insofar as defendant failed to raise any additional basis upon which entitlement to the notes might rest (see, e.g., People v Gissendanner, 48 NY2d 543, 549-550; Davis v Alaska, 415 US 308; cf., Matter of Grattan v People, 65 NY2d 243), we have no occasion to decide what circumstances, if any, would sufficiently overcome the statutory barrier to disclosure.
We have examined defendant’s remaining contentions and find them to be without merit.
*80 Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed.