THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v RALPH BRIDGES, Defendant.

County Court, Monroe County, March 1, 1989

**APPEARANCES OF COUNSEL**

*Howard R. Relin, District Attorney (Joseph Schauseil* of counsel), for plaintiff. *Edward J. Nowak, Public Defender (Paul Macaulay* of counsel), for defendant.

**OPINION OF THE COURT**

JOHN J. CONNELL, J.

The following constitutes the opinion, decision and order of the court.

The defendant is charged in the indictment with the crimes of rape in the first degree, sexual abuse in the first degree, rape in the third degree and unlawful imprisonment in the first degree, involving an alleged sexual attack on a 16-year-old female. Testimony at the trial has disclosed that while being treated at the hospital following the alleged incident, the victim spoke with a volunteer counselor from the rape crisis service of the Planned Parenthood of Rochester and the

Genesee Valley, Inc. Trial testimony of the victim has shown that she may have provided various inconsistent descriptions as to time and location of the alleged attack to various members of the Rochester and Brighton Police Departments. To explore the possibility that she may have also given inconsistent descriptions of the event to the rape crisis volunteer counselor, the defense has subpoenaed all notes of the volunteer concerning statements made to her by the victim regarding the incident.

A representative of the Planned Parenthood of Rochester and the Genesee Valley, Inc. (Planned Parenthood) appeared in court in opposition to the subpoena citing CPLR 4508. The People indicated that they would take no position on the question.

In this case, the rape crisis volunteer to whom the victim spoke was not a "certified social worker". It is also apparent that some of the employees of Planned Parenthood are certified social workers.

In order to facilitate the treatment of clients by their social workers, the Legislature created the "social worker privilege", embodied in CPLR 4508 (1965 NY State Budget Report on Bills, re: Senate Bill S-3068, House Bill A-4918). None of the exceptions to this section apply in the instant case (see, CPLR 4508 [a]). Absent a demonstration that one of the exceptions applies to a given case, the communications are confidential and protected from disclosure by this section and do not constitute *Rosario* material such as to overcome the statutory privilege (*People v Tissois,* 72 NY2d 75; *People v Rosario,* 9 NY2d 286).

Based on the circumstances of this case, the rape crisis volunteer was not working in conjunction with a certified social worker, nor was she a certified social worker herself, such as to bring her notes under the protection of CPLR 4508.

Accordingly, Planned Parenthood's motion to quash the subpoena for the notes of the rape crisis volunteer pursuant to CPLR 4508 is denied and Planned Parenthood is directed to turn those materials over to the defense pursuant to the properly issued subpoena.