■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL ROSADO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered January 4, 1988, convicting him of sodomy in the first degree (two counts), sexual abuse in the first degree (four counts), and endangering the welfare of a child, upon a jury verdict, and sentencing him to two indeterminate terms of 8⅓ to 25 years' imprisonment, four indeterminate terms of 2⅓ to 7 years' imprisonment, and a definite term of one-year imprisonment, respectively, all terms to run concurrently to each other.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence for sodomy in the first degree (two counts) to two indeterminate terms of 4 to 12 years' imprisonment; as so modified, the judgment is affirmed.

Viewing the evidence in a light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's contention that the trial court did not conduct a proper inquiry into whether the complainant was competent to be sworn is not preserved for our review (CPL 470.05 [2]). In any event, the defendant's assertion is without merit. CPL 60.20 (2) provides, in pertinent part, that, "[a] child less than twelve years old may not testify under oath unless the court is satisfied that he understands the nature of an oath". It is well settled that the decision of whether an infant is competent to testify under oath rests primarily with the trial court which had the opportunity to view the child's manner and demeanor *(see, People v Nisoff,* 36 NY2d 560, 566, citing *Wheeler v United States,* 159 US 523, 524-525). The record indicates that the complainant demonstrated an ability to understand the meaning of the taking of an oath, and that she had sufficient intelligence to recall the events in question.

The defendant has failed to demonstrate a deprivation of his right to effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137; *People v Rivera,* 71 NY2d 705). However, we find the sentence was excessive to the extent indicated.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Thompson, J. P., Brown, Eiber and Balletta, JJ., concur.