■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAYMOND KELLY, Respondent. [618 NYS2d 822] —Appeal by the People from an order of the Supreme Court, Queens County (Orgera, J.), dated June 23, 1994, which granted the defendant's motion to vacate a judgment of conviction of the same court, rendered July 8, 1992, pursuant to CPL 440.10 (1) (f).

Ordered that the order is reversed, on the law, and the defendant's motion to vacate his judgment of conviction is denied.

On the evening of August 12, 1991, an undercover narcotics officers observed a man approach the defendant and engage in a brief conversation with him. The man then reached into his pocket and handed the defendant money. After accepting the money, the defendant retrieved a brown paper bag from a garbage dumpster, and removed several vials of crack cocaine from the bag. The defendant gave the vials of cocaine to a 13-year-old boy, and the youth in turn handed some of the vials to the man. When the transaction was completed, the undercover officer alerted his backup team, and all three individuals were arrested.

Following a jury trial in June 1992 the defendant was

convicted, *inter alia,* of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. The defendant appealed from the judgment of conviction, and in the process of perfecting the appeal, the appellate counsel learned that the defendant was on parole at the time of his arrest, and that a parole officer had conducted an investigation into the circumstances of the arrest which included an interview of the arresting officer. Although the substance of the parole officer's interview of the arresting officer was recorded in a Violation of Release Report, it is undisputed that the prosecutor assigned to the defendant's case was unaware of the existence of this report. After receiving a copy of the report from the New York State Division of Parole, the defendant moved to vacate his judgment of conviction pursuant to CPL 440.10, contending that the report constituted *Rosario* material which the People had improperly failed to turn over prior to trial. The Supreme Court, relying upon the decision of the Appellate Division, First Department, in *People v Fields* (146 AD2d 505), agreed that the report constituted *Rosario* material because the New York State Division of Parole is a law enforcement agency whose employees perform prosecutorial functions. The Supreme Court thus reasoned that the local prosecutor had constructive possession of and control over the report, and, accordingly, that the prosecutor's failure to provide the defense with a copy of the document prior to trial was a *Rosario* violation which required vacatur of the defendant's conviction. We disagree.

In *People v Rosario* (9 NY2d 286, 289, *cert denied* 368 US 866), the Court of Appeals held that when it appears that a witness for the prosecution has previously made a statement to police, the District Attorney, or a Grand Jury, "a right sense of justice" entitles the defense to examine the witness's prior statement before cross-examination. The Court of Appeals has "periodically refined" the *Rosario* rule to ensure that a defendant " 'receives the full benefit of a [prosecution] witness' statements for impeachment purposes' " *(People v Ranghelle,* 69 NY2d 56, 62), and has extended the disclosure requirement to apply, for example, to statements of prosecution witnesses testifying at suppression hearings *(see, People v Malinsky,* 15 NY2d 86, 90-91), prosecutor's worksheets *(see, People v Consolazio,* 40 NY2d 446, 453, *cert denied* 433 US 914), and taped statements made by a prosecution witness to private parties where the tapes were in possession of the prosecution *(see, People v Perez,* 65 NY2d 154, 158-159). More-

over, in keeping with the "strong presumption of the discoverability of prior statements of prosecution witnesses" *(People v Ranghelle, supra,* at 63), in *People v Young* (79 NY2d 365), a police report which included the results of an investigation conducted at the crime scene was held to be *Rosario* material even though it was never disclosed to the prosecutor.

The People's obligation to produce the pretrial statements of prosecution witnesses is, however, limited to material which is in their possession or control *(see, People v Tissois,* 72 NY2d 75, 78; *People v Fishman,* 72 NY2d 884, 886), and the Court of Appeals recently concluded in *People v Flynn* (79 NY2d 879, 882) that "[m]aterial in the possession of a State administrative agency, such as the Department of Motor Vehicles, is not within the control of a local prosecutor". We now similarly find, under the circumstances of the case before us, that the parole officer's report was not in the possession or control of the local prosecutor, and thus did not constitute *Rosario* material. Although the New York State Division of Parole undoubtedly performs some law enforcement functions *(see, People v Fields,* 146 AD2d 505, 508, *supra; see also, People v Washington,* 196 AD2d 346, 348-349), the agency also performs a variety of functions not related to law enforcement, such as assisting parolees in finding employment, and obtaining education and training *(see,* Executive Law § 259-a [6]-[8]). Moreover, while it is clear that the parole officer interviewed the arresting officer in order to determine whether parole violation charges should be filed against the defendant *(see, People v Fields, supra),* a parole revocation proceeding is an administrative proceeding held solely to determine whether the parolee violated the terms of parole, and is not a stage of a criminal prosecution *(see, People ex rel. Maiello v New York State Bd. of Parole,* 65 NY2d 145; *People ex rel. Cleveland v New York State Div. of Parole,* 110 AD2d 671; *Matter of Utsey v New York State Bd. of Parole,* 89 AD2d 965, 966-967). Indeed, despite the fact that a parole officer is specifically mandated by statute to inquire into possible parole violations *(see,* Executive Law § 259-a [5]; *People ex rel. Maiello v New York State Bd. of Parole,* 101 AD2d 569, 571, *affd* 65 NY2d 145, *supra),* there is no requirement that the Division of Parole turn over the information gathered pursuant to such an inquiry to the District Attorney's office. In view of the separate administrative functions performed by the Division of Parole, we cannot agree that it shares such a close institutional relationship with the local prosecutor's office that the local prosecutor should be charged with the duty of locating

and producing documents in the Division's exclusive possession.

While not dispositive of the issue of whether a local prosecutor should be deemed in constructive possession or control of a parole officer's report, we note that in *People v Fields (supra)*, in which the First Department reached a contrary conclusion, the local prosecutor specifically requested the parole officer's notes, and conceded at the defendant's sentencing that the notes should have been turned over prior to trial. In contrast, at bar there is no indication that the local prosecutor was aware of the existence of the report containing the parole officer's notes of her interview with the arresting officer. Accordingly, we find that the parole officer's report was not *Rosario* material, and that the defendant's motion to vacate his judgment of conviction premised upon the failure to turn over this report should be denied. Lawrence, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.