■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHARLES BROWN, Respondent. [619 NYS2d 157] —Appeal by the People from an order of the Supreme Court, Queens County (Orgera, J.), dated May 17, 1994, which granted the defendant's motion, pursuant to CPL 440.10 (1) (f), to vacate a judgment of the same court rendered November 18, 1992, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and imposing sentence.

Ordered that the order is reversed, on the law, and the defendant's motion to vacate the judgment rendered November 18, 1992, is denied.

On March 27, 1992, the defendant was arrested for selling a quantity of heroin to an undercover police officer. At the time of his arrest, he was on parole from a prior conviction. Following a jury trial, the defendant was convicted of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree. Thereafter, the defendant's appellate counsel learned that a parole officer had conducted an investigation into the circumstances of the defendant's arrest. The investigation included an interview of the arresting officer. The defendant moved to vacate his judgment of conviction pursuant to CPL 440.10, contending that the interview report constituted *Rosario* material which the People had improperly failed to turn over prior to trial. The People maintained that, at all relevant times, they were unaware of the interview report which was in the exclusive possession and control of the Division of Parole. The Supreme Court determined that the report constituted *Rosario* material and granted the defendant's motion to vacate the judgment of conviction. We reverse.

The People's obligation to produce the pretrial statements of

prosecution witnesses is limited to that material which is in their possession or control (see, People v Tissois, 72 NY2d 75; People v Fishman, 72 NY2d 884). The interview report in this case was not in the possession or control of the prosecution and thus did not constitute Rosario material (see, People v Flynn, 79 NY2d 879; People v Kelly, 209 AD2d 436). While the Division of Parole performs some law enforcement functions (see, People v Fields, 146 AD2d 505; see also, People v Washington, 196 AD2d 346), it clearly also performs a variety of functions which are not related to law enforcement (see, Executive Law § 259-a [6]-[8]). Moreover, it is well settled that a parole revocation proceeding is administrative in nature and is not considered a stage of a criminal prosecution, and the Division of Parole is not required to turn over to the District Attorney's office any information acquired in its investigations into possible parole violations (see, People v Kelly, supra). Indeed, the prosecution in this case was not even aware of the existence of the report until long after trial. Hence, "[i]n view of the separate administrative functions performed by the Division of Parole, we cannot agree that it shares such a close institutional relationship with the local prosecutor's office that the local prosecutor should be charged with the duty of locating and producing documents in the Division's exclusive possession" (People v Kelly, supra, at 438-439).

Accordingly, we conclude that the parole officer's interview report was not Rosario material, and the defendant's motion to vacate the judgment of conviction on this ground should be denied. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.