85 N.Y.2d 1016 (1995)
654 N.E.2d 1219
630 N.Y.S.2d 971
The People of the State of New York, Respondent,
v.
Pasqual Carpenter, Also Known as Pascal Carpenter, Appellant.
Court of Appeals of the State of New York.
Decided June 14, 1995.
Frank Loss, New York City, and Daniel L. Greenberg for appellant.
Robert M. Morgenthau, District Attorney of New York County, New York City (Patrick J. Hynes of counsel), for respondent.
Concur: Chief Judge KAYE and Judges SIMONS, BELLACOSA, SMITH, LEVINE and CIPARICK. Judge TITONE dissents in an opinion.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed (see, People v Washington, 86 N.Y.2d 189 [decided today]).
TITONE, J. (dissenting).
As I stated in People v Washington (86 N.Y.2d 189 [decided herewith]), I believe that material generated by the office of the Chief Medical Examiner (OCME) is subject to disclosure under CPL 240.45. Accordingly, I would reverse the order of the Appellate Division affirming the denial of defendant's CPL 440.10 motions and remit for a hearing as to whether the undisclosed material was the "duplicative equivalent" of other material that was timely disclosed. I note that in this case and in People v Johnson (85 N.Y.2d 1019 [decided herewith]), the prosecution had given the defense the OCME autopsy reports, but not the audiotapes that were made in connection with the autopsies. This partial disclosure reinforces my view that OCME-created material *1018 should be treated as Rosario material, since the People clearly have ready access to it and there is no sound legal reason not to require its disclosure. Indeed, as is evidenced here and in Johnson, the practical result of the majority's rule will be, quite simply, to authorize the People to pick and choose among the OCME material they will disclose.
Order affirmed, etc.