■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMINE CALIFANO, Appellant. [628 NYS2d 760] —Appeal by the defendant from (1) a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered July 29, 1992, convicting him of sodomy in the first degree (three counts), sexual abuse in the first degree (two counts), endangering the welfare of a child, and resisting arrest, under Indictment No. 272/91, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered July 29, 1992, revoking a sentence of probation previously imposed by the same court, under Indictment No. 476/90, upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of sexual abuse in the first degree.

Ordered that the judgment and the amended judgment are affirmed.

Viewing the evidence adduced at the trial of Indictment No. 272/91 in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant contends that the Supreme Court erred in permitting the complainant, who was seven years old at the time of the abuse and eleven years old at the time of the trial, to give sworn testimony. We disagree. The court's examination of the complainant demonstrated that she understood the nature of testifying under oath and was competent to be sworn as a witness *(see,* CPL 60.20 [2]; *People v Nisoff,* 36 NY2d 560).

The defendant failed to preserve for appellate review his contention that the expert should not have been permitted to testify about the symptoms of child sexual abuse syndrome. In any event, there is no merit to the defendant's contention that the expert testimony concerning child sexual abuse syndrome was inadmissible. This testimony helped to explain the complainant's behavior after the abuse, and was not within the purview of the average juror *(see, People v Taylor,* 75 NY2d 277; *People v Burgess,* 212 AD2d 721).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.