THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TEDDY MOUSTAKIS, Respondent. [640 NYS2d 262] —Appeal by the People from an order of the Supreme Court, Queens County (LeVine, J.), dated February 2, 1995, which granted the defendant's motion to vacate his judgment of conviction pursuant to CPL 440.10.

Ordered that the order is affirmed.

The People contend that the court erred in reversing the defendant's conviction based on the District Attorney's failure to turn over 16 pages of notes of detailed admissions by a prosecution witness concerning his prior criminal history. The People argue that these notes, taken during the witness's debriefing sessions, did not constitute *Rosario* material.

CPL 240.45 (1) (a), which codifies the *Rosario* rule, requires that a prosecutor disclose to a defendant any pretrial statement made by a prosecution witness relating to the subject matter of the witness's testimony so a defendant may receive " 'the full benefit of a [prosecution] witness' statements for impeachment purposes' " (*People v Ranghelle*, 69 NY2d 56, 62, citing *People v Poole*, 48 NY2d 144, 149 [right to inspect statements of the prosecution witnesses is limited "insofar as the

statements sought must be relevant to the subject matter of the witness' testimony"]; *see also, People v Kelly,* 209 AD2d 436, 437; *People v Rutter,* 202 AD2d 123).

Because the defendant's appeal from his judgment of conviction was pending and undecided at the time he made his motion pursuant to CPL 440.10 (*see, People v Jackson,* 78 NY2d 638), " '[t]he law is clear that a violation of the *Rosario* rule * * * cannot be considered harmless error even if the nondisclosed material would have been of limited impeachment value to the defense, so that the People's failure to produce "constitute[s] per se reversible error requiring a new trial" (*People v Martinez,* 71 NY2d 937, 940; *see also, People v Jones,* 70 NY2d 547; *People v Perez,* 65 NY2d 154; *People v Consolazio,* 40 NY2d 446)' " (*People v Smith,* 206 AD2d 102, 109, *affd* 85 NY2d 1016).

Here, on direct examination, the prosecutor elicited from the witness that he had been convicted of numerous crimes. The defense questioned the witness about his crimes, including 17 commercial burglaries in which he had participated, and for which he had been granted immunity under a verbal cooperation agreement with the District Attorney's office. The witness, however, claimed to have forgotten the details of many of his other past crimes. The details of these crimes were recorded in the withheld debriefing notes and related to the subject matter of the witness' direct testimony (*see, People v Rios,* 182 AD2d 843). Accordingly, it is clear that had the defense had access to the debriefing notes, it may have impeached the witness with his former statements. Balletta, J. P., Ritter, Altman and Hart, JJ., concur.