■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ATKINSON, Appellant. [679 NYS2d 73] —Appeals by the defendant (1) from a judgment of the County Court, Suffolk County (Weber, J.), rendered June 21, 1996, convicting him of rape in the first degree (two counts), and endangering the welfare of a child, after a nonjury trial, and imposing sentence, and (2), by permission, from an order of the same court dated July 29, 1997, denying the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and the order are affirmed.

The defendant's contention that the evidence was insufficient to establish that he raped his eight-year-old niece is unpreserved for appellate review (*see, CPL* 470.05 [2]; *People v Udzinski*, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to es-

tablish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Additionally, since there was no objection to the admission of the eight-year-old victim's sworn testimony, the defendant's contention that the court erred in allowing the victim to give sworn testimony is also unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, the defendant's assertion is without merit. The decision as to whether a child is competent to testify under oath rests primarily with the trial court, which has the opportunity to view the child's demeanor (*see,* CPL 60.20 [2]; *People v Nisoff,* 36 NY2d 560). The voir dire examination of the victim revealed that she understood the difference between telling a lie and telling the truth and the meaning of a promise to tell the truth, that she would be punished if she did not keep a promise to God, and that she would have to tell the truth in court. Furthermore, the child possessed sufficient intelligence to recall the events in question and to relate them in a clear manner. Accordingly she was properly permitted to give sworn testimony (*see, People v Rosado,* 157 AD2d 754, 755).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Bracken, J. P., Copertino, Thompson and Friedmann, JJ., concur.