■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD DORSEY, Appellant. [697 NYS2d 305] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered March 12, 1998, convicting him of sexual abuse in the first degree and endangering the welfare of a child, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of sexual abuse in the first degree and endangering the welfare of a child is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover,

upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that the Supreme Court erred in allowing the victim, who was seven years old at the time of trial, to give sworn testimony is also unpreserved for appellate review to the extent that he bases his claim on the purported failure of the Supreme Court to explain to the victim what it meant to take an oath in a criminal trial (*see,* CPL 470.05 [2]). In any event, the defendant's assertion is without merit. The decision as to whether a child is competent to testify under oath rests primarily with the Supreme Court, which has the opportunity to view the child's demeanor (*see,* CPL 60.20 [2]; *People v Nisoff,* 36 NY2d 560). The voir dire examination of the victim revealed that she understood the difference between telling a lie and telling the truth, and the meaning of a promise to tell the truth, that she would be punished if she did not keep a promise to God, and that she would have to tell the truth in court. Accordingly she was properly permitted to give sworn testimony (*see, People v Rosado,* 157 AD2d 754, 755). Santucci, J. P., Thompson, Sullivan and Smith, JJ., concur.