■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN WELLS, Appellant. [709 NYS2d 94] —Appeal by the defendant from a judgment of the County Court, Nassau County (Cotter, J.), rendered October 6, 1997, convicting him of attempted murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his

contention that the evidence was legally insufficient to establish his guilt, as he made only a general motion for a trial order of dismissal with respect to the counts of attempted murder in the second degree and criminal possession of a weapon in the third degree, and failed to refer to any specific deficiency in the evidence presented by the People (*see,* CPL 470.05 [2]; *People v Salazar,* 234 AD2d 322; *People v Vega,* 183 AD2d 864, 865). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). The jury was not bound to accept the testimony of the defendant's alibi witnesses (*see, People v Coleman,* 225 AD2d 705; *People v Cox,* 114 AD2d 968).

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony. A photographic array is suggestive when some characteristic of the defendant's picture draws the viewer's attention to it indicating that the police have made a particular suggestion. Contrary to the defendant's contention, there is no indication that his photograph differed significantly from the photographs of the fillers (*see, e.g., People v Williams,* 243 AD2d 833, 836).

While lineup participants should have the same general characteristics as those of the suspect, there is no requirement that a defendant be surrounded by individuals nearly identical to him in appearance (*see, People v Chipp,* 75 NY2d 327, 335, *cert denied* 498 US 833; *People v Rodriguez,* 64 NY2d 738, 740-741). Since the lineup participants here were similar to the defendant in physical characteristics, including age, size, and skin tone, the fact that two men wore shorts while four men wore pants did not render the lineup impermissibly suggestive or conducive to mistaken identification.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Ritter, J. P., Sullivan, Altman and Feuerstein, JJ., concur.