■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE MCCALL, Appellant. [715 NYS2d 760] —Appeal by the

defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered May 28, 1998, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to disprove his alibi defense beyond a reasonable doubt is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The People disproved the defendant's alibi by proving their own case beyond a reasonable doubt (*see, People v Wells,* 272 AD2d 562, *lv denied* 95 NY2d 872; *People v Marinus,* 254 AD2d 372). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that the Supreme Court erred in allowing a nine-year-old witness to give sworn testimony is unpreserved for appellate review to the extent that he bases his claim on the scope of the inquiry by the Supreme Court at the hearing to determine the child's ability to testify (*see,* CPL 470.05 [2]; *People v Dorsey,* 265 AD2d 567). In any event, the Supreme Court did not err in allowing the witness to testify under oath. The witness indicated that he understood the difference between truth and falsity, and had "some conception" of the obligations of an oath and the consequences of giving false testimony, including that he could be punished by God (*People v Washor,* 196 NY 104, 109; *see, People v Parks,* 41 NY2d 36, 46; *People v Dorsey, supra*; *People v Robrigado,* 254 AD2d 438; *People v Atkinson,* 254 AD2d 427).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Ritter, Friedmann and Florio, JJ., concur.