■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM BORIA, Appellant. [719 NYS2d 682] —Appeal by the defendant from (1) a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered March 25, 1999, convicting him of attempted assault in the first degree (two counts), reckless endangerment in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, attempted intimidation of a witness in the first degree, attempted tampering with a witness in the first degree, and tampering with a witness in the fourth degree (two counts), upon a jury verdict, and imposing sentence, and (2) a resentence of the same court, imposed December 10, 1999, resentencing the defendant on his convictions for attempted assault in the first degree (two counts), criminal possession of a weapon in the second degree, and attempted intimidation of a witness in the first degree. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment and the resentence are affirmed.

The defendant contends that the People failed to prove by legally sufficient evidence that he was guilty of the crimes charged and that the verdict was against the weight of the evidence. We disagree. Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that his identification by one of the witnesses to the shooting was tainted by a suggestive photographic array is without merit. A photographic display is suggestive where some characteristic of one picture draws the viewer's attention to it, indicating that the police have made a particular selection (*see, People v Robert,* 184 AD2d 597; *People v Thomas,* 133 AD2d 867). An examination of the six-picture array employed in this case demonstrates that it was not suggestive. Although the background of the defendant's photograph was slightly darker than the others and his head somewhat smaller, the differences were not of such quality as would taint the array. The defendant's appearance and pose did not differ greatly from those of the men in the other photographs (*see, People v Price,* 256 AD2d 596; *People v Guzman,* 220 AD2d 614; *People v Wells,* 272 AD2d 562).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Krausman, J. P., S. Miller, Luciano and Feuerstein, JJ., concur.