■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SPILLETT, Appellant. [743 NYS2d 277] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered May 19, 1998, convicting him of rape in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court improperly allowed the 10-year-old complainant to give sworn testimony is unpreserved for appellate review, as he failed to raise the issue in the trial court (*see* CPL 470.05 [2]; *People v Ashman,* 292 AD2d 458; *People v McCall,* 277 AD2d 467). In any event, the

contention is without merit. The determination as to whether a child is competent to testify rests primarily with the trial court, which had the opportunity to observe the child's demeanor and undertake any inquiries necessary to disclose the witness's capacity and intelligence (see CPL 60.20 [2]). The voir dire examination of the complainant demonstrated that she knew the difference between telling the truth and telling a lie, and the meaning of swearing to tell the truth, the importance of testifying truthfully in court, and that she would be punished by the trial court and by God if she did not tell the truth. Accordingly, the trial court providently exercised its discretion in determining that the victim was competent to testify under oath (see CPL 60.20 [2]; People v Parks, 41 NY2d 36, 46; People v Nisoff, 36 NY2d 560; People v Velez, 287 AD2d 526, lv denied 97 NY2d 689; People v Dorsey, 265 AD2d 567).

The defendant's contention that the evidence was legally insufficient to prove his guilt of the crimes of which he was convicted beyond a reasonable doubt is also unpreserved for appellate review (see People v Padro, 75 NY2d 820). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on the charges of rape in the first degree and sexual abuse in the first degree was not against the weight of the evidence (see CPL 470.15 [5]).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80). Moreover, the defendant was not punished for exercising his right to a trial by jury (see People v Pena, 50 NY2d 400, cert denied 449 US 1087; People v Martinez, 289 AD2d 259, lv denied 97 NY2d 731; People v Bellilli, 270 AD2d 355). Santucci, J.P., Florio, Goldstein and Townes, JJ., concur.