■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY GILLARD, Appellant. [776 NYS2d 95]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered March 8, 2001, convicting him of sodomy in the first degree (four counts), sexual abuse in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the expert testimony on child sexual abuse syndrome was inadmissible, as the testimony helped explain the complainant's behavior after the abuse, which was not within the purview of the average juror (*see People v Carroll,* 95 NY2d 375, 387 [2000]; *People v Taylor,* 75 NY2d 277 [1990]; *People v Califano,* 216 AD2d 574 [1995]; *People v Burgess,* 212 AD2d 721 [1995]).

The defendant's contention that the County Court erred in allowing the 10-year-old complainant to give sworn testimony is unpreserved for appellate review (*see People v Rios,* 191 AD2d 722 [1993]; *People v Allen,* 172 AD2d 542 [1991]). In any event, the defendant's assertion is without merit. The decision as to whether a child is competent to testify under oath rests primarily with the trial court, which has the opportunity to view the child's demeanor (*see People v Nisoff,* 36 NY2d 560, 566 [1975]; *People v McCall,* 277 AD2d 467 [2000]; *People v Atkinson,* 254 AD2d 427 [1998]). The voir dire examination of the complainant reveals that she understood the difference between telling a lie and telling the truth, that she promised to tell the truth, and that she understood that a witness could be punished for lying in court, and that God would be upset if she told a lie. Accordingly, she was properly permitted to give sworn testimony.

The defendant's contention that the People failed to prove his guilt by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 20-21 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). H. Miller, J.P., Goldstein, Adams and Cozier, JJ., concur.