■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROHAN MCGEE, Appellant. [795 NYS2d 239]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered June 25, 2003, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of stolen property in the third degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in allowing the prosecutor to question his alibi witnesses about their failure to come forward with exculpatory information without laying the proper foundation pursuant to *People v Dawson* (50 NY2d 311 [1980]). That issue was not preserved for appellate review by an appropriate, specific objection (*see People v Miller*, 89 NY2d 1077 [1997]; *People v Lazarini*, 270 AD2d 361 [2000]). In any event, any error was harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Ayala*, 75 NY2d 422 [1990]; *People v Crimmins*, 36 NY2d 230 [1975]; *People v Brown*, 215 AD2d 492 [1995]).

The defendant's contention that he is entitled to a new trial because of improper remarks made by the prosecutor on summation is similarly unpreserved for appellate review. In any event, any errors were harmless beyond a reasonable doubt (*see People v Crimmins, supra*).

Contrary to the defendant's contention, the trial court properly refused to charge the jury as to temporary innocent possession (*see People v Hawkins*, 258 AD2d 472 [1999]). H. Miller, J.P., Cozier, Goldstein and Skelos, JJ., concur.