■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN HALL, Appellant. [860 NYS2d 608]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Brown, J.), rendered August 2, 2006,

convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claims that the verdict was not supported by legally sufficient evidence are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Douglas*, 17 AD3d 380, 381 [2005]; *People v Soto*, 8 AD3d 683, 684 [2004]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Calabria*, 3 NY3d 80, 81-82 [2004]; *People v Lopez*, 73 NY2d 214, 222 [1989]; *People v Baskerville*, 60 NY2d 374, 381 [1983]; *People v Micolo*, 30 AD3d 615, 616 [2006]; *People v Thomas*, 12 AD3d 935, 936 [2004]; *People v Gonzalez*, 3 AD3d 579 [2004]; *People v Fermin*, 235 AD2d 328 [1997]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's claims regarding the prosecutor's cross-examination of his alibi witness regarding her delay in coming forward with the exculpatory information are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Miller*, 89 NY2d 1077, 1079 [1997]; *People v McGee*, 17 AD3d 485, 486 [2005]). In any event, the claims are without merit. Before a defense witness may be cross-examined regarding his or her failure to come forward with exculpatory information at an earlier date, certain foundational requirements must first be met (*see People v Dawson*, 50 NY2d 311, 321 n 4 [1980]). Here, the prosecutor laid the necessary foundation prior to cross-examining the defendant's alibi witness about her apparent failure to inform law enforcement authorities of the defendant's alibi prior to testifying before the grand jury. Although not requested by the defendant, the court's instructions adequately informed the jury that the defendant's alibi witness had no obligation to volunteer exculpatory information to law enforcement authorities (*see People v Kelly*, 209 AD2d 436, 439 [1994]). Furthermore, the defendant's failure to request a bench conference to determine whether the alibi witness refrained from coming forward at the advice of defense counsel relieved the trial court of any obligation to conduct one (*see People v Kelly*, 209 AD2d 436, 439 [1994]; *People v Koleskor*, 131 AD2d 879 [1987]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]). Prudenti, P.J., Miller, Carni and Chambers, JJ., concur.