■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO LINO RODRIGUEZ, Appellant. [936 NYS2d 896]

The defendant's contention that the testimony of the People's expert concerning child sexual abuse accommodation syndrome impermissibly bolstered the testimony of the complaining witnesses is unpreserved for appellate review (*see People v Carfora*, 69 AD3d 751 [2010]; *People v Staropoli*, 49 AD3d 568 [2008]; *People v Hendrickson*, 34 AD3d 495 [2006]; *People v Clarke*, 7 AD3d 537 [2004]; *People v Negrette*, 218 AD2d 751 [1995]; *People v Califano*, 216 AD2d 574 [1995]; *cf. People v Diaz*, 85 AD3d 1047 [2011]) and, in any event, is without merit (*see People v Spicola*, 16 NY3d 441 [2011], *cert denied* 565 US —, 132 S Ct 400 [2011]; *People v Carroll*, 95 NY2d 375 [2000]).

The defendant's contentions that the trial court erred in failing to give a limiting instruction to the jury regarding its use of evidence of his prior convictions and uncharged crimes, and in failing to instruct the jury that it may consider the complainant's delay in reporting the incident in assessing credibility, are

unpreserved for appellate review, since the defendant neither requested such instructions nor objected to the charge as given (*see* CPL 470.05 [2]; *People v Willis*, 69 AD3d 966 [2010]). In any event, any error resulting from the alleged failure of the trial court to give certain instructions to the jury was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions (*see People v Crimmins*, 36 NY2d 230 [1975]; *People v Giuca*, 58 AD3d 750 [2009]).

The defendant's contention that the integrity of the grand jury proceedings was impaired by the prosecutor's failure to comply with CPL 190.32 (5) (a) is without merit (*see People v Huston*, 88 NY2d 400 [1996]). Skelos, J.P., Hall, Austin and Miller, JJ., concur.