In light of our determination, we need not reach the People's remaining contention. Mastro, A.P.J., Skelos, Florio and Hall, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OWEN Q. MCALLISTER, Appellant. [948 NYS2d 913]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Wetzel, J.), rendered March 15, 2010, convicting him of burglary in the second degree, petit larceny, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's generalized motion to dismiss, made at the conclusion of the People's case, failed to preserve for appellate review his challenge to the legal sufficiency of the evidence supporting his conviction of burglary in the second degree (*see People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt with respect to the conviction of burglary in the second degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we are satisfied that the verdict of guilt with respect to the conviction of burglary in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Angiolillo, J.P., Dickerson, Belen and Chambers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VISHNU PERSAUD, Appellant. [949 NYS2d 431]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered April 27, 2010, convicting him of rape in the second degree (six counts), criminal sexual act in the second degree (five counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.