THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLON YOUNG, Appellant. [978 NYS2d 863]—

The People's obligation to produce the pretrial statements of prosecution witnesses is limited to that material which is in the People's possession or control (*see People v Tissois*, 72 NY2d 75 [1988]). The handwritten notes of a caseworker for the New York City Administration for Children's Services were not in the possession or control of the prosecution and, thus, did not constitute *Rosario* material (*see People v Rosario*, 9 NY2d 286, 290 [1961]; *People v Tissois*, 72 NY2d 75 [1988]; *People v White*, 210 AD2d 447 [1994]).

There is no merit to the defendant's contention that the testimony of the People's expert regarding the possibility of a delayed outcry by a child sexual abuse victim impermissibly bolstered the testimony of the complaining witness (*see People v Spicola*, 16 NY3d 441 [2011]; *People v Rodriguez*, 91 AD3d 797, 797-798 [2012]; *People v Carfora*, 69 AD3d 751 [2010]). Such testimony explained behaviors of sexual abuse victims that jurors might not be expected to understand (*see People v Spicola*, 16 NY3d 441 [2011]; *People v Persaud*, 98 AD3d 527, 528 [2012]).

The defendant's contention that the trial court erroneously admitted testimony of a prior consistent statement is without merit. When a "witness'[s] testimony is assailed—either directly or inferentially—as a recent fabrication, the witness may be rehabilitated" with a prior consistent statement (*People v Mc-*

*Daniel*, 81 NY2d 10, 18 [1993]). Defense counsel's questioning of the complaining witness during cross-examination implied that the testimony was a recent fabrication, thus opening the door for the prosecutor, on redirect examination, to rehabilitate the witness's credibility (*see id.*; *People v Sing Yuen Chen*, 253 AD2d 898, 899 [1998]). Accordingly, the trial court correctly admitted the witness's prior consistent statement into evidence. Dillon, J.P., Dickerson, Austin and Sgroi, JJ., concur.