The People’s obligation to produce the pretrial statements of prosecution witnesses is limited to that material which is in the People’s possession or control (see People v Tissois, 72 NY2d 75 [1988]). The handwritten notes of a caseworker for the New York City Administration for Children’s Services were not in the possession or control of the prosecution and, thus, did not constitute Rosario material (see People v Rosario, 9 NY2d 286, 290 [1961]; People v Tissois, 72 NY2d 75 [1988]; People v White, 210 AD2d 447 [1994]).
There is no merit to the defendant’s contention that the testimony of the People’s expert regarding the possibility of a delayed outcry by a child sexual abuse victim impermissibly bolstered the testimony of the complaining witness (see People v Spicola, 16 NY3d 441 [2011]; People v Rodriguez, 91 AD3d 797, 797-798 [2012]; People v Carfora, 69 AD3d 751 [2010]). Such testimony explained behaviors of sexual abuse victims that jurors might not be expected to understand (see People v Spicola, 16 NY3d 441 [2011]; People v Persaud, 98 AD3d 527, 528 [2012]).
The defendant’s contention that the trial court erroneously admitted testimony of a prior consistent statement is without merit. When a “witnesses] testimony is assailed — either directly or inferentially — as a recent fabrication, the witness may be rehabilitated” with a prior consistent statement (People v Mc *800 Daniel, 81 NY2d 10, 18 [1993]). Defense counsel’s questioning of the complaining witness during cross-examination implied that the testimony was a recent fabrication, thus opening the door for the prosecutor, on redirect examination, to rehabilitate the witness’s credibility (see id.; People v Sing Yuen Chen, 253 AD2d 898, 899 [1998]). Accordingly, the trial court correctly admitted the witness’s prior consistent statement into evidence. Dillon, J.P., Dickerson, Austin and Sgroi, JJ., concur.