People v Herrera-Machuca (2020 NY Slip Op 02060)





People v Herrera-Machuca


2020 NY Slip Op 02060


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
BETSY BARROS, JJ.


2018-00967
 (Ind. No. 356/16)

[*1]The People of the State of New York, respondent,
v
Marvin Herrera-Machuca, appellant.


Marianne Karas, Thornwood, NY, for appellant, and appellant pro se.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley, Laurie K. Gibbons, and Cristin N. Connell of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. McDonald, J.), rendered December 6, 2017, convicting him of criminal sexual act in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his contention that the prosecutor improperly elicited hearsay testimony from the complainant that did not fall within the prompt outcry exception to the rule against hearsay (see CPL 470.05[2]), and we decline to reach it in the exercise of our interest of justice jurisdiction. We agree with the Supreme Court's determination to admit the complainant's testimony regarding her conversation with the defendant about reporting the abuse, since that testimony was offered as proof of the complainant's state of mind rather than for its truth (see People v Gibian, 76 AD3d 583), and, in any event, the defendant's portion of the conversation was admissible as a statement against the defendant's interest (see People v Caban, 5 NY3d 143, 151 n; People v Wiggins, 170 AD3d 1204; People v McPhillips, 133 AD3d 785).
We agree with the Supreme Court's determination to permit the People's expert to testify about the behaviors of child sexual abuse victims that jurors might not be expected to understand (see People v Spicola, 16 NY3d 441; People v Young, 113 AD3d 799; People v Persaud, 98 AD3d 527).
The defendant's contention that the Supreme Court improperly impeded his ability to present a defense by curtailing his cross-examination of prosecution witnesses is unpreserved for appellate review (see People v Lyons, 81 NY2d 753; People v Mayo, 17 AD3d 485). In any event, although a criminal defendant is guaranteed the right to confront adverse witnesses through cross-examination, the trial court has broad discretion to limit the scope of cross-examination when the questions are irrelevant or only marginally relevant, concern collateral issues, or pose a danger of misleading the jury (see People v Francisco, 44 AD3d 870; People v Cato, 5 AD3d 394). Here, the court providently exercised its discretion in limiting the cross-examination of the complainant because the excluded line of questioning, by which the defendant would have attempted to establish [*2]that the complainant had a motive to fabricate her testimony, was too remote and speculative and lacked any factual basis (see People v McGlothin, 6 AD3d 462; People v Barney, 277 AD2d 460; People v Stewart, 188 AD2d 626). Upon our review of the record, we conclude that the court's rulings did not deprive the defendant of the right to present a defense (see People v Monroe, 30 AD3d 616; People v Sawyer, 304 AD2d 775).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant was provided with meaningful representation (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
MASTRO, J.P., BALKIN, LEVENTHAL and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court