People v Anderson (2025 NY Slip Op 01101)

People v Anderson

2025 NY Slip Op 01101

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2023-03666
 (Ind. No. 72234/21)

[*1]The People of the State of New York, respondent,
v
Tyler Anderson, appellant.

Andrea S. Ferrante, Staten Island, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ruth E. Ross, and Jeffrey Eng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Raymond L. Rodriguez, J.), rendered March 15, 2023, convicting him of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the seventh degree, and reckless driving, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court did not err in permitting the admission into evidence of certain surveillance videos, ballistics evidence, and two 911 calls. This evidence was "relevant to the very same crime for which the defendant [was] on trial" (People v Duchi, 176 AD3d 968, 968 [internal quotation marks omitted]; see People v Frumusa, 29 NY3d 364, 370) and provided a complete "narrative of the events charged in the indictment" as well as "necessary background information" (People v Jones, 206 AD3d 671, 673 [internal quotation marks omitted]; see People v Bonich, 208 AD3d 679, 680; People v Martinez, 201 AD3d 658, 659). Moreover, any prejudice to the defendant was minimized by the court's limiting instructions (see People v Blackwell, 219 AD3d 619, 621; People v Taylor, 210 AD3d 807, 808; People v Sterling, 162 AD3d 914, 914).
The defendant's contention that he was deprived of his right to a fair trial due to improper remarks made by the prosecutor during summation is without merit. The challenged remarks were fair response to arguments made by defense counsel in summation (see People v Bethea, 159 AD3d 710, 712; People v Nanand, 137 AD3d 945, 947; People v Roscher, 114 AD3d 812, 813).
The defendant's contention that the Supreme Court violated his Sixth Amendment right of confrontation by limiting defense counsel's cross-examination of a certain witness is without merit. Although a criminal defendant is guaranteed the right to confront adverse witnesses through cross-examination (see US Const 6th Amend; NY Const, art I, § 6), "these rights do not guarantee unfettered cross-examination" (People v Delgado, 221 AD3d 909, 911; see People v Agosto, 203 AD3d 841, 842) and do not give criminal defendants "carte blanche to circumvent the rules of evidence" (People v Hayes, 17 NY3d 46, 53 [internal quotation marks omitted]). "The trial court [*2]has broad discretion to limit the scope of cross-examination when the questions are irrelevant or only marginally relevant, concern collateral issues, or pose a danger of misleading the jury" (People v Wingate, 184 AD3d 738, 739 [internal quotation marks omitted]; see People v Jones, 184 AD3d 751, 753; People v Herrera-Machuca, 181 AD3d 901, 902). Here, the court did not limit defense counsel's line of questioning, and instead, defense counsel voluntarily withdrew the questions. In any event, the limiting of the defense counsel's questioning of a certain witness would have been provident to avoid inquiry into a speculative and remote matter (see People v Jones, 184 AD3d at 753).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., MILLER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court